IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELMAGIN CAPITAL LLC, | : |
|         **Plaintiff,** | : |
| v. | : |
| CHAO CHEN;<br>KARL PETTY;<br>ENTERGRID LLC;<br>ENTERGRID FUND I LLC | :    CIVIL ACTION NO.:<br>:    2:20-cv-02576-TJS |
|         **Defendants.** | : |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION
TO EXCLUDE DEFENDANTS' REBUTTAL EXPERT DR. MARIA GARIBOTTI**

Plaintiff, Elmagin Capital, LLC, respectfully offers this reply brief, directly addressing assertions first raised in Defendants' Opposition (Dkt. #50) ("Opposition Brief") to Plaintiff's Motion to Exclude the Testimony of Defendants' Rebuttal Expert Dr. Maria Garibotti (Dkt. #48).

**I.    Introduction**

Defendants' Opposition Brief sets out two possible theories to permit the rebuttal expert report of Dr. Maria Garibotti, although she did not sign an undertaking in this litigation properly complying with the notice requirements of the Stipulated Protective Order: 1) that Dr. Garibotti was permitted to access Protected Material of Elmagin as an employee of Defendants' prior-identified expert witness, Cristian Zarcu, who expressly denies this; or 2) that Dr. Garibotti – and all other employees of the third party entity Analysis Group – were permitted to access Protected Material of Elmagin because a principal of Analysis Group signed an undertaking to the

1

Stipulated Protective Order although that purported undertaking was <u>never</u> served upon Elmagin or its counsel.

It should not be left unsaid that this question of access to Protected Material, while quite important, is not the ultimate question of Elmagin's present motion. The Defendants' above theories also are offered for the conclusion that, in addition to accessing Protected Materials, any one of those Analysis Group employees would be permitted to offer a written report and appear as a witness in this proceeding without being disclosed individually and timely (with five (5) days' advance notice before accessing Protected Material) pursuant to the Stipulated Protective Order.

As to the second, multiple problems are present: a) Analysis Group was not identified as, itself, an expert in this litigation within the meaning of the Stipulated Protective Order, for, among other reasons, that the purported undertaking of Robert Vigil has never been served in this litigation; b) a search of the website of Analysis Group for employee "consultants" (i.e. excluding "affiliated experts") reveals that Dr. Garibotti is one of 267 such consultants who, under Defendants' theory, would be provided full access to Elmagin's Protected Material <u>and</u> all of whom could offer a report and appear as a witness in this litigation without further disclosure and without providing the required advance notice set forth in the Stipulated Protective Order; and c) any consideration of Dr. Garibotti (or any other employee of Analysis Group) as an "employee" of Zarcu, the disclosed, retained expert in this matter, ignores that Defendants' counsel has contracted with Analysis Group, which has contracted with another third party, Eleven Canterbury, LLC, which has contracted with Zarcu, for his services in this matter.

Defendants assert in their Opposition Brief that the rebuttal report of Dr. Maria Garibotti is proper, despite the fact that Dr. Garibotti: was first identified only four (4) days before her report was submitted; was not identified to Elmagin with the minimum required five (5) days' prior notice before accessing Protected Material; was permitted access to Protected Material of Elmagin despite not being an employee of an identified expert pursuant to the Protective Order; and was still the subject of an unresolved objection raised by Elmagin at the time of the submission of her report.  Defendants' argue that every employee of the third party entity Analysis Group, including Dr. Maria Garibotti, has been authorized to view Protected Material of Elmagin since December 2020.  They offer that this is true because Defendants' counsel contracted with Analysis Group, which contracted with a third party called Eleven Canterbury, LLC, which contracted with Defendants' identified expert witness Cristian Zarcu.  Defendants further offer that this authorization for access is confirmed by the fact that a principal of Analysis Group – who had never been identified to Elmagin prior to Defendants' Opposition Brief on May 3, 2021 – signed an undertaking to the Stipulated Protective Order in this litigation – which undertaking has <u>never</u> been served upon Elmagin or its counsel.

## II.     Defendants' Identified Expert, Cristian Zarcu Expressly Stated That Garibotti Is Not His Employee

As to the first theory, Mr. Zarcu testified in his sworn deposition in this litigation that he does not employ Maria Garibotti, that he did not pay Dr. Garibotti, that he is not an owner of Analysis Group, that he did not specifically task Dr. Garibotti with any actions in this litigation, and that he does not know how staff of Analysis Group divide their work.

Defendants cite Section 9(b)(ii) of the Stipulated Protective Order, which states that Protected Materials may be disclosed to:

> Any outside experts or consultants retained by the Receiving Party to assist in this action, ***including their employees***, provided that disclosure is only to the extent necessary to perform such work.

(Opp. Brief. at 2)(quoting Dkt. #15 at 9(b)(ii); emphasis by Defendants)[1]. Defendants disclosed Cristian Zarcu as a retained expert witness on November 27, 2020, providing his curriculum vitae and a signed undertaking to the Stipulated Protective Order. In transmitting that information by e-mail, Defendants' counsel wrote that Defendants had "retained Mr. Zarcu through Analysis Group who will be providing him with staffing support for this matter."

Assuming Defendants properly designated Mr. Zarcu, Dr. Garibotti cannot claim to have been afforded access to Elmagin's Protected Material as Zarcu's employee under Section 9(b)(ii). The undersigned counsel asked Mr. Zarcu about this expressly during Mr. Zarcu's deposition in this litigation:

> Q. **Did you pay Maria Garibotti?**
> A. No.
> …
> Q. **Do you employ Maria Garibotti?**
> A. No.

Exh. A, Zarcu Dep. at 21:9 to 21:14, April 19, 2021.

Mr. Zarcu's statements are unequivocal and leave no room for interpretation. Garibotti is not an employee of Mr. Zarcu. Defendants' counsel – who also attended the deposition of Mr.

---

[1] Note that Section 8(b)(iv) provides similar restrictions, permissions, and obligations with respect to CONFIDENTIAL Protected Material

Zarcu and indeed cite to the transcript of that deposition in the Opposition Brief – knew this at the time they filed their Opposition Brief on May 3, 2021.

For avoidance of any doubt, Plaintiff's counsel also confirmed that Zarcu is not an owner of Analysis Group, *Id.*, nor did he specifically task Garibotti, or any other employee of Analysis Group, with any duties. *Id*. at 27.

### III. Appearance as an Expert Witness and Submission of a Separate Rebuttal Report are Beyond Participation "to the Extent Necessary" by an Employee Assisting an Expert

Defendants' theory that Dr. Garibotti, if considered an "employee" of an "outside expert or consultant", would be permitted to present a rebuttal expert report without specific disclosure of her in accordance with the Stipulated Protective Order, is also wholly unsupportable. Even if, *arguendo*, Section 9(b)(ii) permitted access for Dr. Garibotti to Protected Material as an employee of a retained expert, such access would be allowed "provided that disclosure is only to the extent necessary to perform such work." Mr. Zarcu submitted a rebuttal report of his own in this litigation. It is inconsistent in every sense of logic and wholly circular to conclude that the scope of employment of an employee of an expert, such as Mr. Zarcu (by any theory of employment), in connection with Mr. Zarcu's preparation and submission of both opening and rebuttal reports in this matter could include being an expert so as to permit the submission of her own, separate rebuttal report. Such would render meaningless the entirety of Section 12 of the Stipulated Protective Order, which controls the method and timing of disclosure of such offered witnesses.

**IV.     Defendants Have Never Served an Undertaking of Robert Vigil in This Litigation**

Defendants' Opposition Brief cites multiple times to a statement in Defendants' counsel's November 27, 2020 email, that Defendants had "retained Mr. Zarcu through Analysis Group who will be providing him with staffing support for this matter." Defense counsel also now claims to have caused Robert Vigil to execute an undertaking on behalf of the Analysis Group on November 25, 2020. (Opp. Brief at 4.) This, Defendants argue, would permit any employee of Analysis Group to access Protected Material "pursuant to Protective Order ¶ 9(b)(ii)(A)" and that "it was unnecessary to serve the undertaking or CV of any specific Analysis Group employees in order to comply with the Protective Order." *Id.*

First, Elmagin and its counsel are not aware of any mention, whatsoever, of Robert Vigil in this litigation prior to Defendants' Opposition Brief on May 3, 2021. Defendants have never served the purported undertaking of Mr. Vigil. Nor do Defendants claim in their brief to have ever done so. Defendants' conclusion as to the ability to permit any employee of Analysis Group to offer an expert report – even if access were permissible – wholly ignores the following section Protective Order ¶ 9(b)(ii)(C), which requires "proper notice has been given to all Parties as set forth in Paragraph 12," which in turn requires presentation of a CV and undertaking. This simply cannot be so. In a footnote, Defendants acknowledge that Section 12(c) of the Stipulated Protective Order requires that "[p]rior to receiving any Protected Material under this Order, the Person must execute a copy of Exhibit A, **which shall be served on all Parties**." (Opp. Brief at 3 n. 3; Dkt. 15 at ¶ 12(c))(emphasis added). Even if Vigil signed the undertaking in November 2020, it remained secreted from Elmagin. This failed to comply with Section 12(c) of the Stipulated Protective Order, requiring service on all parties of the undertaking. This also failed to provide Elmagin any opportunity to evaluate or assert any objection under Section 9(b)(ii)

(with respect to ATTORNEYS' EYES ONLY information) or Section 8(b)(iv) (with respect to CONFIDENTIAL information). Defendants' interpretations would render meaningless multiple sections of the Protective Order.

Second, [a] search of the website of Analysis Group for employee "consultants" (i.e. excluding "affiliated experts") reveals that Dr. Garibotti is one of 267 such consultants who would be provided full access to Elmagin's Protected Material and could offer an expert report, without further disclosure, under Defendants' theory. *See* Exh. B, Analysis Group, "Experts & Consultants" (available at https://www.analysisgroup.com/experts-and-consultants/#et=Consultants&rpp=100, last accessed May 4, 2021). Again, this cannot be the intent of the Stipulated Protective Order.

## V. CONCLUSION

Elmagin respectfully submits that Defendants' interpretation of the Stipulated Protective Order must be rejected. Such would render meaningless at least Paragraph 9(b)(ii)(C) and Paragraph 12, and would, in addition to permitting widespread access to Protected Material, permit any number of experts to be injected into this litigation without notice to the opposing party or an opportunity for such opposing party to object, and afford such experts to each submit reports, which Zarcu and Garibotti have done.

<**** SIGNATURE PAGE FOLLOWS ****>

Respectfully Submitted,

Dated: May 10, 2021

  */s/ Douglas Panzer*
Douglas Panzer (PA Bar ID: 203354)
Manny D. Pokotilow (PA Bar ID: 13310)

Caesar Rivise, PC
7 Penn Center, 12th Floor
1635 Market Street
Philadelphia, PA 19103
dpanzer@crbcp.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2021, a copy of Plaintiff Elmagin Capital, LLC's PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE DEFENDANTS' REBUTTAL EXPERT DR. MARIA GARIBOTTI was served on the following as by electronic mail:

>Nicole D. Galli
>Charles P. Goodwin
>
>ND Galli Law LLC
>
>One Liberty Place
>1650 Market Street
>Suite 3600, #00250
>Philadelphia, PA19103
>ndgalli@ndgallilaw.com
>cgoodwin@ndgallilaw.com
>
>**ATTORNEYS FOR DEFENDANTS**

By  **/s/Douglas Panzer**