# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELMAGIN CAPITAL LLC, | : |
| Plaintiff, | : |
| v. | : |
| CHAO CHEN; | :    CIVIL ACTION NO.: |
| KARL PETTY; | :    2:20-cv-02576-TJS |
| ENTERGRID LLC; | : |
| ENTERGRID FUND I LLC | : |
| Defendants. | : |

**PLAINTIFF ELMAGIN CAPITAL, LLC'S
REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO
EXCLUDE PORTIONS OF THE OPINION AND TESTIMONY OF DEFENDANTS'
<u>EXPERT DR. MARIA GARIBOTTI</u>**

**I.     INTRODUCTION**

Defendants, in their response to Plaintiff's Motion *in limine* to Exclude Portions of the Opinion Testimony of Defendants' Rebuttal Expert Dr. Maria Garibotti 1) incorrectly argue that Plaintiff's motion *in limine* is an untimely filed *Daubert* motion; 2) improperly assert that Dr. Garibotti's report and testimony may go beyond rebuttal of the evidence on the same subject matter raised by Dr. Pirrong and respond without limitation of scope to the general subject matter addressed in Dr. Pirrong's report and testimony rather than specifics of that opinion, and 3) argue that Dr. Garibotti's opinions regarding the legal conclusion of economic value are admissible despite misstating the testimony of Dr. Pirrong and being contrary to the law of the case as enunciated by the Court.

Plaintiff's Motion is based on the principle – thoroughly supported by proper case law in Plaintiff's Memorandum – that rebuttal experts are limited to rebutting a previously-filed expert opinion and cannot respond to an opinion in an expert report by simply offering one of their own, without bounds. The latter is precisely what Defendants contend Dr. Garibotti may do. Plaintiff's proper and timely motion *in limine,* addresses, under Fed. R. Evid. 401 and 403, the issues of lack of relevance in and prejudice/confusion by, the testimony of Dr. Garibotti; issues properly before the Court at any juncture and unrelated to *Daubert* analyses.

Plaintiff submits this reply to address the above points, newly raised by Defendants' Opposition, and requests the Court to exclude Sections V, VI, and VII of the Rebuttal Expert Report of Dr. Maria Garibotti, as well as any like testimony.

**II.     ARGUMENT**

    **A.     <u>Plaintiff's motion *in limine* timely addresses the proposed exclusion of portions of Defendants' rebuttal expert report as being irrelevant and is not a *Daubert* motion</u>**

Defendants' characterization of Plaintiff's motion *in limine* as an "untimely-filed *Daubert* motion" is incorrect. Defendants ignore that "there is a crucial difference between questioning the methodology employed by an expert witness and questioning the *application* of that methodology or the ultimate conclusions derived from that application. *Daubert* comes into play only when the methodology used by the expert is being questioned." *Harvey Canal Ltd. P'ship v. Lafayette Ins. Co.*, 09-605 39, 39 So. 3d 619, 627-28 (La. App. 5 Cir 03/09/10) (emphasis added); *see also In re Paoli R.R. Yard Pcb Litig.*, 35 F.3d 717, 733 (3d. Cir. 1994) ("Daubert requires the district court to act as "gatekeeper" and to assure that the scientific *methodology* upon which the expert opinion is founded is reliable, i.e., that the expert's conclusion is based on good grounds (the methods and principles of science.") (emphasis added).

Here, the focus of Plaintiff's Motion is to exclude specific portions of Dr. Garibotti's Rebuttal Expert Report as irrelevant, being based upon a fundamental misreading of the record and therefore inadmissible under Fed. R. Evid. 401 and 403, and further inadmissible as straying outside the scope of what may be offered by a rebuttal expert. *See generally* Doc. 101-01. Indeed, each of these arguments hinges on the notion that Dr. Garibotti's report does not pass the threshold requirement of relevance or admissibility. This is firmly within the parameters of what may be included in a motion *in limine;* the fact that Dr. Garibotti's testimony does not fit "goes primarily to the issue of relevance." *See* Defendants' Memorandum (ECF 141) at 4-5 (citing *Karlo v. Pittsburgh Glass Works, LLC*, 849 F.3d 61, 81 (3d Cir. 2017). While Plaintiff refers to language of *Daubert* to guide its statement that the Report and testimony of Dr. Garibotti are irrelevant under

Fed. R. Evid. 401, Plaintiff does not attack the methodology employed by Dr. Garibotti, however flawed[1].

Thus, Plaintiff's motion *in limine* addressing portions of Dr. Garibotti's testimony is appropriately and timely raised at this phase of litigation.

### B. Dr. Garibotti's testimony and opinion must be limited to addressing Dr. Pirrong's identified evidence on the same subject matter and Defendants' statements on the topic include multiple mischaracterizations

Defendants, in their Opposition, misleadingly truncate the language of Federal Rule 26(a)(2)(D)(ii), offering the incorrect proposition that their witness's "[r]ebuttal testimony is not confined to the specific evidence or arguments in the [Plaintiff's] expert report." Doc. 140 at 2-3. This distorts the plain language of that Rule, which refers to "evidence [that] is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B)." Dr. Garibotti's report is, expressly, a rebuttal report and is addressed to the expert report of Dr. Craig Pirrong. *See* Rebuttal Expert Report of Maria E. Garibotti, Ph.D., April 16, 2021 at *cover page*, 2-3.

Defendants employ the same distorted language to incorrectly offer that Plaintiff "concedes" that the limitation of a rebuttal expert's testimony to the same subject matter identified by the opposing party's expert evidence permits that rebuttal expert to speak to anything related, in any manner, to any subject matter identified by the opposing party's expert. Doc. 140 at 2. This mischaracterizes Plaintiff's statement. Plaintiff further stated that this Court has previously held that "[a] rebuttal expert must only respond to the opposing party's *offered construction* and the

---

[1] The propriety of this and the fact that this does not convert a garden variety motion in limine to a Daubert motion is further addressed in Plaintiff's Reply to Defendants' Motion in Opposition to Plaintiff's Motion in limine to Exclude Portions of the Opinion and Testimony of Defendants' Expert W. Anthony Mason (Section B) and Plaintiff respectfully directs the attention of the Court to the further statements of law therein.

provided basis for that construction. Responding experts cannot oppose a construction by simply offering one of their own." *Stagnaro v. Target Corp.*, No. 16-3535, 2019 U.S. Dist. LEXIS 73682, at *27 (E.D. Pa. 2019) (emphasis added) (limiting scope of rebuttal expert's testimony to responding to conclusions of plaintiff's expert witness). While Plaintiff's statement is consistent with the cited case law and the plain language of Rule 26, <u>Defendants have cited no legal authority to rebut the standard set forth by *Stagnaro*</u> or the Rule itself. Defendants' contention that "[r]ebuttal testimony is not confined to the specific evidence or arguments in the opposing expert report" amounts to mere attorney argument bolstered by absolutely no caselaw and, in fact, counter to it. Doc. 140 at 2.

By contrast, Plaintiff has plainly established with legal precedent that a rebuttal expert may only testify to the opposing party's offered expert testimony and the provided evidence for that testimony. Allowing a rebuttal expert to simply offer their own unbounded opinion to rebut the opposing side's expert opinion would be far beyond the scope of what rebuttal expert testimony permits. Had Defendants wanted to offer Dr. Garibotti's opinion in such a manner, they would have been required to identify Dr. Garibotti pursuant to Rule 26(a)(2)(B) rather than a rebuttal expert. They did not.

**C. Dr. Garibotti's testimony as to economic principles that are neither raised by Pirrong nor relevant to the needs of this case render her opinion inadmissible as rebuttal expert testimony**

The entire Section I of Defendant's Opposition Memorandum creates confusion by reference to a "close substitutes" test that both sides' memoranda now seem to agree was *not* used as a test for FTR similarity . The point of differentiation between the parties' positions on this motion lies in that Dr. Garibotti (and Defendants in their Pretrial Memorandum (ECF 99)) contends

that Pirrong offered this test as being applicable to this case at all. The opposite is true: *Dr. Pirrong plainly stated that this test does not apply to this case.*

Defendants seem to understand this by agreeing that Dr. Pirrong did <u>not</u> apply the "close substitutes" standard to support his conclusions that the parties' respective strategies were "highly similar" or "functionally identical." ECF 40 at 4-5. They even include Dr. Pirrong's quote noting that this economic concept was offered as a response to Defendants' counsel's hypothetical question about "whether things like Coke and Pepsi were substitutes for one another" and that he was "responding to that question", further noting that for the analysis of whether the FTR trading strategies of this matter are similar, "that's essentially a quantitate[ive] test". Id. at 4; *quoting* Pirrong Dep. at 322:11-323:23. That Defendants have found such confusion here demonstrates the great risk that inclusion of this irrelevant and inapplicable test would only serve to mislead and confuse the jury.

Permitting Garibotti to testify that Dr. Pirrong's methodology or conclusions are flawed because he did not apply a test that he stated – in response to a separate, hypothetical question – was <u>not appropriate</u> in this context raises significant risks of confusion and prejudice and is, moreover, irrelevant. Any testimony regarding this illusory "close substitutes" standard should be precluded.

### D. Dr. Garibotti cannot opine on issues Dr. Pirrong is precluded from discussing, including application of facts to the law

Defendants assert that Dr. Garibotti should be permitted to testify that Elmagin's trading strategies do not have economic value and that such testimony is of a factual issue. However, as has been expressly established, both above and in the Order of the Court (ECF 093) on Defendants' Daubert Motion relating to Dr. Pirrong: 1) *Dr. Garibotti simply cannot testify as to*

*matters that Dr. Pirrong cannot opine on, as her testimony is limited to that of a rebuttal witness*; and 2) Garibotti cannot testify that Elmagin's strategies lack economic value (or the closely tracking "demonstrable value") because, as the Court has determined, this constitutes the improper application by an expert witness of facts to the law.[2]

The designation of rebuttal experts limits the scope of those experts' testimony; rebuttal experts "cannot testify in [a party's] case-in-chief, and they cannot testify unless and until [the opposing party's] experts testify as to the opinions for which [the rebuttal experts] have been designated as rebuttal experts." *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Haw. 2008). *See also* Section III(A), *infra*. Thus, as Dr. Pirrong will not be testifying as to the demonstrable value of Elmagin's trading strategies[3], nor can Dr. Garibotti. Section VII of the Garibotti Rebuttal Expert Report should also be excluded.

## III. CONCLUSION

For the reasons set forth in Plaintiff's Memorandum in Support its Motion to exclude Sections V, VI, and VII of the Rebuttal Expert Report of Dr. Garibotti (Doc. 101-01) and as further set forth above, Plaintiff respectfully reiterates its request that these sections be excluded and Dr. Garibotti prevented from testifying as to the subject matter thereof.

[SIGNATURE PAGE FOLLOWS]

---

[2] For a detailed analysis of the application of fact to law as being impermissible legal testimony, please refer to Section II, Subsection 1 of Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion in limine to Exclude Portions of the Opinion and Testimony of Defendants' Expert Cristian Zarcu.
[3] Per the Court's Order of July 26, 2021 (ECF 93), Dr. Pirrong is not able to opine or testify that the plaintiff's trading strategies have demonstrable value.

                                          Respectfully Submitted,

Dated: November 5, 2021            <u>*/s/ Douglas Panzer*</u>
                                                Douglas Panzer (#203354)
                                                Manny Pokotilow (#13310)
                                                Allison White (# 329108)
                                                Caesar Rivise, PC
                                                7 Penn Center, 12th Floor
                                                1635 Market Street
                                                Philadelphia, PA 19103
                                                mpokotilow@crbcp.com

                                                *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on November 5, 2021, a copy of the foregoing Plaintiff Elmagin Capital, LLC's Reply to Defendants' Opposition to Plaintiff's Motion In Limine to Exclude Portions of The Opinion and Testimony of Defendants' Expert Dr. Maria Garibotti was served on the below listed Attorneys for Defendants via the Court's ECF system:

        Nicole D. Galli
        Charles P. Goodwin

        ND Galli Law LLC
        One Liberty Place
        1650 Market Street
        Suite 3600, #00250
        Philadelphia, PA19103
        ndgalli@ndgallilaw.com
        cgoodwin@ndgallilaw.com

        *Attorneys for Defendants*

        */s/ Manny D. Pokotilow*
        Manny D. Pokotilow