IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ELMAGIN CAPITAL LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:20-cv-02576-TJS |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| CHAO CHEN, KARL PETTY, | ) | |
| ENTERGRID LLC, and | ) | |
| ENTERGRID FUND I LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT'S [CORRECTED] REPLY MEMORANDUM
IN FURTHER SUPPORT OF THEIR MOTION *IN LIMINE*
TO EXCLUDE PLAINTIFF'S EMAIL EXHIBITS**

Elmagin has not shouldered its burden in response to Defendants' motion to exclude various emails as hearsay. "The proponent of the evidence has the burden of establishing these elements of admissibility." *Brokerage Concepts, Inc. v. U.S. Health.care, Inc.*, 140 F.3d 494, 517 n.14 (3d Cir. 1998). The party seeking to admit hearsay has the burden of establishing that the evidence fits one of the hearsay exceptions in Rule 803.[1] Accordingly, the party seeking to

---

[1] *See United States v. George*, 209 F. App'x 142, 146 (3d Cir. 2006) ("As the proponent of the evidence, George's counsel bore the burden of proving that the evidence was offered for a non-hearsay purpose."); *Dempster v. Lamorak Ins. Co.*, 487 F. Supp. 3d 548, 553 (E.D. La. 2020) ("After a party properly objects to the admission of evidence as hearsay, the proponent of evidence bears the burden to show that statement is not offered as hearsay or falls within an exception to the hearsay rule."); *accord Kornicki v. Calmar S.S. Corp.*, 460 F.2d 1134, 1138 (3d Cir. 1972) ("The burden of establishing the facts to qualify a declaration as part of the res gestae is on the proponent of such evidence."); *see generally* Charles Wright & Arthur Miller, 30B Fed. Prac. & Proc. Evid. § 6803 (2021 ed.) ("The proponent of the statement, however, 'bears the burden of proving each element of a given hearsay exception or exclusion.'" (quoting *United State v. Day*, 789 F.2d 1217, 1221 (6th Cir. 1986)).

establish that a document is business record bears that burden.[2]

Elmagin has made no attempt to establish that any of these emails are business records, tacitly conceding that these emails are not business records.  Rather, without evidentiary foundation, Elmagin has argued that some of these emails might be business records or might be admissible on some other grounds.  That does not discharge Elmagin's burden.[3]  Elmagin, of course, cannot actually show that the subject emails are business records because these emails reflect dialogues between various correspondents.[4]

Rather than address attempt to shoulder its burden Rule 803, Elmagin says Defendants have not sufficiently identified the evidence they are challenging.  To the contrary, Defendants have enumerated the subject emails in their opening papers.  Defendants have stated that they object to all the contents of these documents that were not authored by Dr. Chen, Dr. Petty or any officer, director, spokesperson or employee of either Entergrid entity speaking about job duties.[5]

---

[2] *See*, *e.g.*, *AAMCO Transmissions, Inc. v. Baker*, 591 F. Supp. 2d 788, 794 (E.D. Pa. 2008) ("the proponent must establish the information was kept in the regular course of … business, and it was [the] regular practice to prepare such reports. *See* Fed. R. Evid. 803(6); *United States v. Pelullo*, 964 F.2d 193, 200 (3d Cir.1992) (for business record exception to apply, proponent must establish "(1) the declarant in the records had personal knowledge to make accurate statements; (2) the declarant recorded the statements contemporaneously with the actions that were the subject of the reports; (3) the declarant made the record in the regular course of the business activity; and (4) such records were regularly kept by the business").)

[3] Elmagin has not tried to shoehorn these emails into any of the other 22 hearsay exceptions in Rule 803, nor has Elmagin attempted to qualify these emails under Rule 804 (to the extent that authors may be unavailable).

[4] Elmagin adverts to the presence of some of these emails on Defendants' exhibit list.  It goes without saying that evidence admissible against Elmagin under 801(d)(2) as an opposing party statement can be introduced by the declarant on its own behalf. In any event, inclusion of exhibits on Defendants' exhibit list merely indicates that Defendants are reserving the right to introduce the email in their case, should Defendants deem that advisable in light of the evidence presented.

[5] Statements by Dr Chen, Dr. Petty (or any Entergrid employee speaking about his job) are definitionally non-hearsay.  Fed. R. Evid. 801(d)(2).

Elmagin objects to addressing these emails through a motion *in limine*. Elmagin prefers that this Court to review and rule on these 54 emails piecemeal during the course of trial. Doing so will interrupt the orderly flow of testimony. Moreover, requiring Defendants to object during trial will also be unfairly prejudicial to Defendants. It is natural for jurors to think that a party objecting to a document is trying to hide something, rather than enforcing the party's rights. If a document is admitted over objection, the jury will likely assign disproportionate weight to the document because of the objection – *i.e.*, if a document is worth fighting over, it must be especially probative.

## **CONCLUSION**

For the reasons stated here and in Defendants' opening papers, Defendants respectfully request that the subject emails be excluded. Should the Court deem it necessary to review these emails individually, that should be done at the pretrial conference rather than during the course of trial.

Dated: November 29, 2021

Respectfully Submitted,

*/s/ Nicole D. Galli*

Nicole D. Galli (PA Id. No. 78420)
Charles P. Goodwin (PA Id No. 66500)
ND GALLI LAW LLC
One Liberty Place
1650 Market Street, Suite 3600, #00250
Philadelphia, PA 19103
Telephone: (215) 525-9580
ndgalli@ndgallilaw.com
cgoodwin@ndgallilaw.com

*Attorneys for Defendants Chao Chen, Karl Petty, Entergrid LLC, and Entergrid Fund I*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that a true and correct copy of Defendants'

[Corrected] Reply Memorandum in Further Support of their Motion *in Limine* to Exclude

Plaintiff's Email Exhibits was served on all parties via ECF filing on the date set forth below.

 Dated: November 29, 2021

*/s/ Nicole D. Galli*
_____
Nicole D. Galli
