# EXHIBIT G

| | |
|---|---|
| **From:** | Nicole Galli <ndgalli@ndgallilaw.com> |
| **Sent:** | Friday, September 18, 2020 8:01 PM |
| **To:** | Douglas Panzer |
| **Cc:** | Robert S. Silver; Manny D. Pokotilow; Charles P. Goodwin, Esq. |
| **Subject:** | RE: Draft Protective Order |
| **Attachments:** | NDGL Elmagin v Entergrid Draft with final disputes Protective Order 9.18.2020 .docx |

Doug,

Draft attached.  I have accepted all your changes in the 6:30 pm draft except as follows, which is shown in track changes:

1. removed non-public bids from Confidential and added it back into AEO as "confidential bids"; and
2. stricken the provision allowing in house counsel to see AEO materials

I have no other changes.  We are also prepared to go to the Court on these two issues.  So it's up to you now whether you will agree that bids should be AEO, in which case the provision allowing in house counsel to see AEO materials comes out and we are done, or whether we let the Judge decide.

Thanks,

Nicole

**From:** Douglas Panzer <dpanzer@crbcp.com>
**Sent:** Friday, September 18, 2020 7:52 PM
**To:** Nicole Galli <ndgalli@ndgallilaw.com>
**Cc:** Robert S. Silver <rsilver@crbcp.com>; Manny D. Pokotilow <mpokotilow@crbcp.com>; Charles P. Goodwin, Esq. <cgoodwin@ndgallilaw.com>
**Subject:** RE: Draft Protective Order

Nicole,
Also reiterating my earlier statements, as you include this point in your email below, we have already said we will remove our in-house counsel from the AEO section, provided we are not presented any other unexpected changes and can get to agreement on the definition of AEO vs. confidential.  I will await your redline but remain willing to file a motion to let the court decide, which I'm preparing now.

Doug

**From:** Nicole Galli [mailto:ndgalli@ndgallilaw.com]
**Sent:** Friday, September 18, 2020 7:47 PM
**To:** Douglas Panzer
**Cc:** Robert S. Silver; Manny D. Pokotilow; Charles P. Goodwin, Esq.
**Subject:** RE: Draft Protective Order

Will do.

**From:** Douglas Panzer <dpanzer@crbcp.com>
**Sent:** Friday, September 18, 2020 7:45 PM
**To:** Nicole Galli <ndgalli@ndgallilaw.com>
**Cc:** Robert S. Silver <rsilver@crbcp.com>; Manny D. Pokotilow <mpokotilow@crbcp.com>; Charles P. Goodwin, Esq.

<cgoodwin@ndgallilaw.com>
**Subject:** RE: Draft Protective Order

Nicole,
Please provide an updated redline? Without that I will be required to parse your email below and hope to accurately record what changes you are proposing. This is not a good use of our limited time.

Doug

---

**From:** Nicole Galli [mailto:ndgalli@ndgallilaw.com]
**Sent:** Friday, September 18, 2020 7:38 PM
**To:** Douglas Panzer
**Cc:** Robert S. Silver; Manny D. Pokotilow; Charles P. Goodwin, Esq.
**Subject:** RE: Draft Protective Order

Doug,

Thank you for that clarification.

Since it appears that you are interested in creating a record of our negotiations, here goes.

When we discussed the deadline for submitting the protective order, we set it for today with the express understanding that you would get me a draft last Friday, September 11. After I did not receive the draft, I emailed you on Saturday Sept 12 to inquire as to the status – no response. Indeed, I did not get a response until you provided your draft at approximately 5 pm on Monday, a full 72 hours after you promised we would have it. I endeavored, nonetheless, to get you a reply draft as soon as possible, which I did at noon yesterday.

I received your reply to my draft at 11 am today, while I was in the middle of several preexisting meetings. I did a provisional review to identify any major issues that jumped out at me, which I did. I never said that those were my only issues with the draft. Indeed, on our call, I told you that I was having trouble determining which changes you had made since all the redlines (my original redlines and yours) appeared as one. (I found it odd, in fact, that you added your changes on top of the redline draft, since I had provided you a clean draft as well.) I specifically told you they were in the same color and asked if there were other significant changes that you made. You did not respond to that but suggested I change my settings to see it more clearly and I told you that, since I didn't know how to do that, I would try to figure it out and get back to you. Once again, at NO time did I say that my comments were the universe of changes and since you knew I hadn't yet determined what all of your changes were on our call, it is baffling that you believed that I would have no more comments.

Accordingly, while we worked on the issues I had noted initially, I also created my own comparison between my draft and yours from today to allow me to see all of your changes. As soon as that was done, I flagged the remaining issues to you. Throughout this effort I have operated in utmost good faith. Contrary to your position, I did not try to negotiate a quid pro quo with you and then sandbag you – that is not how I conduct myself with opposing counsel. Instead, in view of the time and our impending midnight deadline, I proceeded in piecemeal fashion, assuming your good faith, sharing some comments in the early afternoon and the remainder at 4 pm.

As to your 6:30 pm draft, I have accepted your revisions as to employee information (Item 2 in my 4:21 pm email), the investors item (Item 3 in my 4:21 pm email) and the AEO catchall (Item 4 in my 4:21 pm email).

My client cannot agree that non-public bid information be treated as merely confidential and not outside attorneys' eyes only. This information is kept private in the industry and competitors do not have access to it in the ordinary course of business. Sharing my client's bids with your client's personnel would not only provide them with access to competitively sensitive information that they ordinarily would not have access to, it could enable them to reverse engineer my client's trade secrets.

Especially because Elmgain's in-house counsel is also its Chief Operating Officer and who has been listed by you as a person with knowledge and/or a witness in this matter, including of "overall management of Plaintiff, including organization of Plaintiff; fund formation and regulatory/RTO compliance; purchase/sale of Defendant Chen's membership interest rights in Elmagin," my client also cannot agree Mr. Soles being able to all attorneys' eyes only documents in this litigation. The competitive concerns that apply to any other business person in the company thus apply equally to Mr. Soles.

Accordingly, absent a change in your position, we need to present these issues to the Court. Please let me know how you wish to proceed.

As to the ESI Order, I am in agreement with the last draft you circulated today and you may file that with the court as consented.

Thanks,

Nicole

**From:** Douglas Panzer <dpanzer@crbcp.com>
**Sent:** Friday, September 18, 2020 6:58 PM
**To:** Nicole Galli <ndgalli@ndgallilaw.com>
**Cc:** Robert S. Silver <rsilver@crbcp.com>; Manny D. Pokotilow <mpokotilow@crbcp.com>; Charles P. Goodwin, Esq. <cgoodwin@ndgallilaw.com>
**Subject:** RE: Draft Protective Order

Provided the rest is agreed, we will remove in-house counsel from AEO.

**From:** Nicole Galli [mailto:ndgalli@ndgallilaw.com]
**Sent:** Friday, September 18, 2020 6:54 PM
**To:** Douglas Panzer
**Cc:** Robert S. Silver; Manny D. Pokotilow; Charles P. Goodwin, Esq.
**Subject:** RE: Draft Protective Order

Doug,

I am still reviewing the draft and need clarification - I am not clear about whether you consider in house counsel seeing AEO materials to be in or out of the draft. Currently you have it in but highlighted in yellow and not stricken. Please advise.

Thanks,

Nicole

**From:** Douglas Panzer <dpanzer@crbcp.com>
**Sent:** Friday, September 18, 2020 6:31 PM
**To:** Nicole Galli <ndgalli@ndgallilaw.com>
**Cc:** Robert S. Silver <rsilver@crbcp.com>; Manny D. Pokotilow <mpokotilow@crbcp.com>; Charles P. Goodwin, Esq. <cgoodwin@ndgallilaw.com>
**Subject:** RE: Draft Protective Order

Nicole,

Attached is an updated draft of the protective order.  Please let me know if you stipulate to this version.

Per our telephone call around 4PM today, it appears to me that I negotiated this with you in good faith, bringing this to only one remaining issue (our agreement to elimination of the in-house counsel's access to AEO information in exchange for your agreement to specificity in the definition of outside GC), only to have you add these additional demands once you had obtained various concessions.  Your statement to me on the phone that I "did not flag" for you information that should be discussed is spurious.  All changes were provided to you in redline format prior to our 1PM telephone call, in which we spent approximately 30 minutes discussing the contents of the draft, literally scrolling through the document while speaking.

The attached version provides you some compromise based on your request.  Given that it is 6:30 PM on the day that we promised this document to the judge, I will begin preparing a motion now on behalf of Elmagin seeking the court's entry of this version in the event that you do not accept it.

Doug

**From:** Nicole Galli [mailto:ndgalli@ndgallilaw.com]
**Sent:** Friday, September 18, 2020 4:21 PM
**To:** Douglas Panzer
**Cc:** Robert S. Silver; Manny D. Pokotilow; Charles P. Goodwin, Esq.
**Subject:** RE: Draft Protective Order

Doug,

1. Confidential bids – *these are kept confidential from competitors in the ordinary course of business for good reason – it is competitively sensitive information (arguably even trade secret) and cannot be shared with your clients – nor do I expect to be able to share that with our clients.*
2. employee information – *some of this information could be highly sensitive and of a competitive nature (eg contracts or arrangements with employees etc). as competitors, our clients obviously compete for talent. This should not be shared with each other party.*
3. information relating to company ownership, investors and/or prospective investors, organization, management structure and/or operations, internal policies and procedures, internal training related to investment and/or bidding, and – *similarly, this includes competitively sensitive information about the innerworkings of each of our client's businesses – for example, the clients likely compete for investors and may target the same potential investors; how our clients train their employees on investment & bidding could get into the underlying investing/bidding methodology among other things*
4. other non-public information of similar competitive and business sensitivity. – *it's in both parties interests to keep this in if Savage will allow it*

**From:** Douglas Panzer <dpanzer@crbcp.com>
**Sent:** Friday, September 18, 2020 4:04 PM

4

**To:** Nicole Galli <ndgalli@ndgallilaw.com>
**Cc:** Robert S. Silver <rsilver@crbcp.com>; Manny D. Pokotilow <mpokotilow@crbcp.com>; Charles P. Goodwin, Esq. <cgoodwin@ndgallilaw.com>
**Subject:** RE: Draft Protective Order

You have to be kidding.  This is potentially substantive stuff.  You had it in your hands.  You reviewed it.  We spent half an hour on the phone hashing this out.  You're asking me to negotiate portions of this with you based on other portions…and NOW you throw extra demands in?

---

**From:** Nicole Galli [mailto:ndgalli@ndgallilaw.com]
**Sent:** Friday, September 18, 2020 4:00 PM
**To:** Douglas Panzer
**Cc:** Robert S. Silver; Manny D. Pokotilow; Charles P. Goodwin, Esq.
**Subject:** RE: Draft Protective Order

Doug,

1. Thanks re legal advice paragraph
2. That's fine with respect to outside business counsel paragraph – it could certainly change mid case (just as your in house counsel could change) but we will cross that bridge if we come to it.  not worth arguing now.
    a. So please confirm you agree to restrict AEO to outside counsel only.
3. Thanks re definition of Outside Counsel
4. Revised prosecution bar language is fine

Unfortunately, I have another couple issues on the PO – given the short timeframe today for review, I ran a compare of your draft today with my draft from yesterday (see attached) to be sure I saw everything and flagged some more issues.

1. You have moved the confidential bids from AEO to confidential – we completely disagree with that – that information is competitive information that your clients normally wouldn't have access to and vice versa.  That needs to go back into AEO.
2. You have stricken the following from AEO entirely – not sure if you feel this isn't AEO or that it isn't even confidential?  On all of these, I think they should remain AEO as follows in italics

    employee information, - *this could encompass a lot of things  – I think that some of it could be highly sensitive and even of a competitive nature (eg contracts or arrangements with employees etc).  This should not be shared with each other party.*

    information relating to company ownership, investors and/or prospective investors, organization, management structure and/or operations, internal policies and procedures, internal training related to investment and/or bidding, and *– similarly, this includes competitively sensitive information about the innerworkings of each of our client's businesses and should be AEO*

    other non-public information of similar competitive and business sensitivity. *– I realize Savage isn't a fan of catchalls but it is very possible/likely you and I haven't thought of everything that's going to be produced in the case so ideally I think we should try to keep this in – if you had some other reason for taking it out please explain.*

5

Happy to hop on a call to discuss any of this if that would be helpful.

thanks

---

**From:** Douglas Panzer <dpanzer@crbcp.com>
**Sent:** Friday, September 18, 2020 3:52 PM
**To:** Nicole Galli <ndgalli@ndgallilaw.com>
**Cc:** Robert S. Silver <rsilver@crbcp.com>; Manny D. Pokotilow <mpokotilow@crbcp.com>; Charles P. Goodwin, Esq. <cgoodwin@ndgallilaw.com>
**Subject:** RE: Draft Protective Order

Nicole,
Debating the legal advice paragraph is a big waste of time.  We will remove it.

Regarding outside general counsel, we may be amenable to it, but I definitely will not agree to an outside GC that can change mid-case.  Either the person is or is not your client's outside general counsel.  We will agree to this:

One (1) in-house counsel of a Party (designated collectively in the case of the Entergrid parties) who is an officer or employee of the Party or one (1) regular outside business counsel of a Party (designated collectively in the case of the Entergrid parties) who was engaged in such role prior to the filing of the complaint in this case, is not a member of the same firm as Outside Counsel for the Party, does not have business decision making authority with respect to the Party, and is identified by name and title to the Producing Party prior to disclosure, having agreed to be bound by the provisions of this Order by signing a copy of Exhibit A.

This language is inserted in the attached version.  Pending this, we will likely agree to remove in-house counsel from AEO access.

I have also amended the outside counsel definition.

Please be sure to confirm the highlighted sections, including the prosecution bar, which you did not address in your last email.

Doug

---

**From:** Nicole Galli [mailto:ndgalli@ndgallilaw.com]
**Sent:** Friday, September 18, 2020 3:14 PM
**To:** Douglas Panzer
**Cc:** Robert S. Silver; Manny D. Pokotilow; Charles P. Goodwin, Esq.
**Subject:** RE: Draft Protective Order

Doug,

I am still not entirely comfortable with the legal advice paragraph even as rewritten and so if it isn't a Savage thing I'd prefer to leave it out.

As for the outside GC, currently I meant Jason Wacha but it could change– I don't know his exact contractual relationship with the client but I know he's their regular outside business counsel.  How about this language (no need to add language about not using for other clients as that's already part of the PO – can only use for this case):

One (1) in-house counsel of a Party (designated collectively in the case of the Entergrid parties) who is an officer or employee of the Party ==or one (1) regular outside business counsel of a Party who is not a member of the same firm as Outside Counsel for the Party== and is identified by name and title to the Producing Party prior to disclosure, ~~as well as such in-house counsel's immediate paralegals and staff to whom disclosure is reasonably necessary for this case,~~ each having agreed to be bound by the provisions of this Order by signing a copy of Exhibit A.

Also, as I looked back at the definition of Outside Counsel I realized I need to tweak it due to how our firm is structured – happy to have our Of Counsel who isn't going to formally appear in the case (but will be assisting in the background) and any contract attorneys sign Exhibit A.

"Outside Counsel" means (i) attorneys not employed by or under contract to a Party as in-house counsel or its equivalent who appear on the pleadings as counsel for a Party and (ii) partners, ==of counsel,== associates, ~~and~~ staff ==and contract attorneys== of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

Thanks,

Nicole

---

**From:** Douglas Panzer <dpanzer@crbcp.com>
**Sent:** Friday, September 18, 2020 2:40 PM
**To:** Nicole Galli <ndgalli@ndgallilaw.com>
**Cc:** Robert S. Silver <rsilver@crbcp.com>; Manny D. Pokotilow <mpokotilow@crbcp.com>; Charles P. Goodwin, Esq. <cgoodwin@ndgallilaw.com>
**Subject:** RE: Draft Protective Order

Nicole,
Looking in my files, this was actually from a protective order signed by Judge Beetlestone, not Judge Savage. The exact language in the protective order for TN Inc. v. Fidelity (2:18-cv-05552-WB) is:

> <u>Legal Advice Based on Protected Material</u>. Nothing in this Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

Regarding your request to have Entergrid's "outside GC" involved, what defines someone as an outside GC? Is he under contract to Entergrid? Will you be identifying him now? (Is it Jason Wacha?) Will you be providing language for that section of the PO that clearly defines who he is and what, if any, restrictions he has on the use of confidential information for other clients?

Doug

---

**From:** Nicole Galli [mailto:ndgalli@ndgallilaw.com]
**Sent:** Friday, September 18, 2020 2:19 PM
**To:** Douglas Panzer
**Cc:** Robert S. Silver; Manny D. Pokotilow; Charles P. Goodwin, Esq.
**Subject:** RE: Draft Protective Order

Doug, as I told you I've never seen this in a PO before. I've never had the need to give legal advice in a case with a PO be an issue in any other case either. You represented it was in a Savage order which was swaying me to agree to it – if you can't show it to me then I think we should leave it out. It's unnecessary and raises questions in my mind about to what

extent (even revised) it could be misinterpreted as providing more latitude than otherwise exists. Honestly, we shouldn't need it.  Thanks, Nicole

---

**From:** Douglas Panzer <dpanzer@crbcp.com>
**Sent:** Friday, September 18, 2020 2:13 PM
**To:** Nicole Galli <ndgalli@ndgallilaw.com>
**Cc:** Robert S. Silver <rsilver@crbcp.com>; Manny D. Pokotilow <mpokotilow@crbcp.com>; Charles P. Goodwin, Esq. <cgoodwin@ndgallilaw.com>
**Subject:** RE: Draft Protective Order

Nicole,
I can't understand why we're even discussing the legal advice paragraph.  As it stands, it says:

<u>Legal Advice Based on Protected Material.</u>  Nothing in this Order shall be construed to prevent counsel from advising their clients with respect to this case provided counsel complies with the terms of this Order.

---

**From:** Nicole Galli [mailto:ndgalli@ndgallilaw.com]
**Sent:** Friday, September 18, 2020 1:57 PM
**To:** Douglas Panzer
**Cc:** Robert S. Silver; Manny D. Pokotilow; Charles P. Goodwin, Esq.
**Subject:** RE: Draft Protective Order

Doug we are fine with confidential having up to 4 client reps and 1 in house lawyer on your side provided that (1) for parity, that we are able to include our client's outside GC on our side in confidential; and (2) that we have agreement that AEO is restricted to outside counsel only.

Otherwise, can you send me the Savage PO with the language on legal advice?  I have several Savage samples and none of them have such language.  thanks

---

**From:** Douglas Panzer <dpanzer@crbcp.com>
**Sent:** Friday, September 18, 2020 12:06 PM
**To:** Nicole Galli <ndgalli@ndgallilaw.com>
**Cc:** Robert S. Silver <rsilver@crbcp.com>; Manny D. Pokotilow <mpokotilow@crbcp.com>; Charles P. Goodwin, Esq. <cgoodwin@ndgallilaw.com>
**Subject:** RE: Draft Protective Order

Nicole,
I am available at 1:00.  Please let me know if you plan to have Chuck or anyone else join us such that we'll need a conference line.  Otherwise, you can reach me on my cell phone at 571-331-9383.

Attached is a redline of the ESI order, which was generally fine.  I added some language in connection with your comment on the document retention section.

Doug

---

**From:** Nicole Galli [mailto:ndgalli@ndgallilaw.com]
**Sent:** Friday, September 18, 2020 11:39 AM
**To:** Douglas Panzer
**Cc:** Robert S. Silver; Manny D. Pokotilow; Charles P. Goodwin, Esq.
**Subject:** Re: Draft Protective Order

Doug - please cc Chuck Goodwin on all communications. He'll be entering his formal appearance soon. There are 3 main issueS we need to discuss - in house counsel access, prosecution bar and legal advice paragraph.  I am next available between 1-2 for the call.  In addition, where do we stand on the ESI order also due today? If there are any issues with my draft from last weekend let's resolve them on the call today as well. Thanks


Nicole D. Galli
Managing Member
*ND Galli Law LLC**
One Liberty Place
1650 Market Street
Suite 3600, #00250
Philadelphia, PA 19103
Tel: 215-525-9583
Fax:   215-525-9585

**Note new name & Philadelphia address*

5 Penn Plaza, 19th Floor
New York, NY 10001
Tel: (646) 680-9663

ndgalli@ndgallaw.com
www.ndgallilaw.com

CONFIDENTIALITY NOTICE: This message may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient but do not wish to receive email communications through this medium, please advise the sender.


On Sep 18, 2020, at 10:52 AM, Douglas Panzer <dpanzer@crbcp.com> wrote:

> Nicole,
> Attached is a revised draft of the protective order in both redline and clean formats.  Let me know if this
> is ready to file with the court.  If you need to discuss any portion, please let me know the specific
> sections and let's discuss by phone so we can finalize this quickly.
>
> Doug
>
> **Douglas Panzer**
> Partner
> Registered Patent Attorney
> **CAESAR RIVISE, PC**
> 7 Penn Center│12th Floor│1635 Market Street│Philadelphia, PA 19103-2212
> 215.567.2010 (P)│215.751.1142 (F)
> dpanzer@caesar.law│Bio at http://www.caesar.law│Download vCard
>
> <E116840001 CLEAN Draft of protective order 9 17 2020 - Panzer CLEAN 9 18....docx>
> <E116840001 Draft of protective order 9 17 2020 - Panzer Redline 9 18 202....docx>