IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELMAGIN CAPITAL LLC, | )<br>)<br>) |
| Plaintiff, | )<br>)  Civil Action No. 2:20-cv-02576-TJS |
| v. | )<br>)  JURY TRIAL DEMANDED |
| CHAO CHEN, KARL PETTY, ENTERGRID LLC, and ENTERGRID FUND I LLC | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**DEFENDANTS' STATEMENT IN REPLY TO
PLAINTIFF ELMAGIN CAPITAL LLC'S RESPONSE TO DEFENDANTS'
<u>OBJECTIONS TO PLAINTIFF'S EMAIL EXHIBITS</u>**

The Court asked plaintiff Elmagin Capital LLC to make a "proffer for moving to admit [each objected to exhibit] and citing each exception to the hearsay rule that it contends applies to each" as to some 54 emails as to which Defendants have lodged a hearsay objection. [ECF 167.] Elmagin has not provided a proper offer of proof and thus has not complied with the Court's Order. With the exception of PTX 0018 (where Entergrid withdraws its objection for the reasons stated below), the Court should sustain Entergrid's objections.

An offer of proof is an explanation of why evidence is admissible, once a prima facie objection is made.[1] *See* O'Connor's Federal Rules, Civil Trials Ch. 8-E § 3 (2021 ed.) ("An offer of

---

[1] Courts "use the terms 'proffer' and 'offer of proof' interchangeably." *United States v. Stephens*, 365 F.3d 967, 974 (11th Cir. 2004) (Tjoflat, J.); *see also Johnson v. Moore*, 493 F. Supp. 2d 1236, 1240 (M.D. Fla. 2007) (a "traditional purpose of a proffer, or offer of proof, is to demonstrate to an appellate court a real error, not an imaginary or speculative one." (quoting *Holmes v. Bridgestone/Firestone, Inc.*, 891 So.2d 1188, 1191 (Fla. 4th DCA 2005)).

proof is not just a statement of the proposed evidence. It is a record of evidence that was excluded from the trial and a statement of the reasons why the evidence is admissible."); 21 Fed. Prac. & Proc. Evid. § 5040 (2d ed.) (identifying elements of an offer of proof as a statement of the substance, purpose, relevance, and admissibility of the evidence). "In order to qualify as an adequate offer of proof, the proponent must, first, describe the evidence and what it tends to show and, second, identify the grounds for admitting the evidence." *United States v. Adams*, 271 F.3d 1236, 1241 (10th Cir. 2001).

"[I]t is only through th[is] requirement of a minimal yet distinct, specific offer of articulated and identifiable evidence that the Court can examine the relevance or the completeness of evidence, as well as all other elements bearing on the admissibility of the offer." *Maggipinto v. Reichman*, 481 F. Supp. 547, 551 (E.D. Pa. 1979) (Bechtle, J.). "'To prove my case, your Honor'" is not enough. *Fenstermacher v. Philadelphia Nat. Bank*, 493 F.2d 333, 338 (3d Cir. 1974).

Elmagin's responses to Entergrid's objections are contained in a table of exhibits. That table consists of an exhibit-by-exhibit catalogue of rote phrases, without explanation of their applicability. Rather than go exhibit-by-exhibit, Entergrid will address Elmagin's phrases since the arguments apply with equal force to all the exhibits where the phrase is used.

**Offer of Proof**: "Defendants make no showing that the statements are offered for the truth of the matter stated"; and "Not Hearsay under Fed. R. Evid. 801(c) as document may be offered for other than truth of the matter asserted."

**Response**: Entergrid has identified the relevant statements as prima facie hearsay. Elmagin has the burden of explaining for what the statement is offered. *See Brokerage Concepts, Inc. v. U.S. Health.care, Inc.*, 140 F.3d 494, 517 n.14 (3d Cir. 1998) ("The proponent of the evidence has the burden of establishing these elements of admissibility.); *see also United States v. George*,

209 F. App'x 142, 146 (3d Cir. 2006) ("As the proponent of the evidence, George's counsel bore the burden of proving that the evidence was offered for a non-hearsay purpose."); *Dempster v. Lamorak Ins. Co.*, 487 F. Supp. 3d 548, 553 (E.D. La. 2020) ("After a party properly objects to the admission of evidence as hearsay, the proponent of evidence bears the burden to show that statement is not offered as hearsay or falls within an exception to the hearsay rule."); *accord Kornicki v. Calmar S.S. Corp.*, 460 F.2d 1134, 1138 (3d Cir. 1972) ("The burden of establishing the facts to qualify a declaration as part of the res gestae is on the proponent of such evidence."). "The proponent of the statement, however, 'bears the burden of proving each element of a given hearsay exception *or exclusion*.'" Charles Wright & Arthur Miller, 30B Fed. Prac. & Proc. Evid. § 6803 (2021 ed.) (quoting *United State v. Day*, 789 F.2d 1217, 1221 (6th Cir. 1986)); see also *Dunn v. Hunting Energy Servs.*, 288 F. Supp. 3d 749, 762 (S.D. Tex. 2017) ("the proponent of the hearsay has the burden of showing that a hearsay exception or exemption applies").

Elmagin needed to show how the statement is not offered for the truth of the matter asserted but for some other purpose. It has not stated what the "not-for-the-truth-of-the-matter" purpose it intends to use the objected-to statements.

Elmagin also makes no attempt to show the relevance of the objected-to statements to any issue in this case.

**Offer of Proof**: "Hearsay Exclusion: Fed. R. Evid. 801(d)(2) and 801(d)(2)(D)- opposing party statement; exhibit includes statements made by a party and an employee of a party, respectively, within the scope of employment while the employment relationship existed;"

**Response**: Entergrid has excluded from the scope of its objections remarks that were made by Dr. Chen (since no one else is quoted). If Entergrid's table missed an occasional instance where the objection should have been so restricted, Entergrid withdraws the objection insofar as it

concerns statements made by Dr. Chen, Dr. Petty, or any other Entergrid employees. In the spirit of cooperation, Entergrid also withdraws its object as to PTX 0018. The objected-to remarks were by Mat Affourtit, who was an independent contractor for Entergrid. Entergrid will deem him an agent or employee acting within the scope of his responsibilities and thus within the scope of Fed. R. Evid. 801(d)(2)(D) for purposes of the objection.

*Offer of Proof*: "Fed. R. Evid. 803(6)-business records of a regularly conducted activity; statement made by an individual with personal knowledge."

*Response*: As stated in Entergrid's motion papers, courts in the Third Circuit do not accept emails as business records just because they are emails from the business. *See In re Processed Egg Production Antitrust Litigation*, No. 08-md-2002, 2018 WL 1725802 (E.D. Pa. Apr. 9, 2018) (Pratter, J); *Roberts Tech. Grp., Inc. v. Curwood, Inc.*, No. CV 14-5677, 2016 WL 2889166, at *2 (E.D. Pa. May 17, 2016) (Kearney, J.); *Bimal Enterprises, Inc. v. Lehigh Gas Corp.*, 2011 WL 13381368, at *1 n.1 (E.D. Pa. Apr. 21, 2011) (Sanchez, J.).

Under Rule 803(6), Elmagin had the burden to establish that the subject email (i)a record of an act, event, condition, opinion, or diagnosis, (ii) was made at or near the time of the events, (iii) by (or transmitted from) someone with knowledge, that (iv) making the record was done in the ordinary course, and that (v) it was kept in the regular course of business.

Elmagin has made no effort to establish these criteria are met. Entergrid's hearsay objections (except as withdrawn) should be sustained as to Exhibits

Dated: December 15, 2021                                     Respectfully Submitted,

                                                             /s/ Nicole D. Galli
                                                             Nicole D. Galli (PA Id. No. 78420)
                                                             Charles P. Goodwin (PA Id No. 66500)
                                                             ND GALLI LAW LLC
                                                             One Liberty Place
                                                             1650 Market Street, Suite 3600, #00250

-5-

        Philadelphia, PA 19103
        Telephone: (215) 525-9580
        ndgalli@ndgallilaw.com
        cgoodwin@ndgallilaw.com

*Attorneys for Defendants Chao Chen, Karl Petty, Entergrid LLC, and Entergrid Fund I*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of Defendants' Statement in Reply to Plaintiff Elmagin Capital LLC's Response to Defendants' Objections to Plaintiff's Email Exhibits was served on all parties via ECF filing on the date set forth below.

Dated: December 15, 2021

                                                            */s/ Nicole D. Galli*
                                                            Nicole D. Galli