IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELMAGIN CAPITAL LLC, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| CHAO CHEN; | : CIVIL ACTION NO.: |
| KARL PETTY; | : 2:20-cv-02576-TJS |
| ENTERGRID LLC; | : |
| ENTERGRID FUND I LLC | : |
| | : |
| Defendants. | : |
| | : |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE
TO DEPOSE DEFENDANTS' EXPERT DR. MARIA GARIBOTTI**

Pursuant to Federal Rule of Civil Procedure 26, Plaintiff Elmagin Capital LLC ("Plaintiff" or "Elmagin") moves the Court for leave to depose Defendants' expert Dr. Maria Garibotti. Plaintiff sought Defendants' counsels' consent which was denied. The Motion should be granted because the timing of Dr. Garibotti's disclosure prevented Elmagin from deposing her prior to the discovery deadline, the Parties only recently received a final determination that Dr. Garibotti's expert testimony would be admissible, and obtaining her deposition would permit more efficient acquisition of her trial testimony.

I.  INTRODUCTION

On February 23, 2022, this Court issued an Order (ECF 203) permitting Dr. Maria Garibotti to testify as an expert in this litigation. Plaintiff has good cause for deposing Dr. Garibotti, as Plaintiff seeks to understand Dr. Garibotti's rebuttal report. Further, deposing Dr. Garibotti will streamline the issues for trial by permitting Plaintiff to acquire trial testimony more efficiently from her. There is no prejudice to Defendants by permitting Dr. Garibotti's deposition, as

Defendants have had unfettered access to Dr. Garibotti, and any deposition proceeding will be streamlined in view of this Court's Order narrowing the issues upon which Dr. Garibotti may testify. However, Plaintiff will be prejudiced if unable to take the deposition of Dr. Garibotti for the purpose of streamlining examination at trial. Further, Dr. Garibotti was wholly unknown to Plaintiff until there were only 14 calendar days remaining in discovery, with five further depositions scheduled and a subpoena already dispatched for a sixth. With these facts, as Plaintiff did not believe Dr. Garibotti to be a valid expert witness during the discovery period, and as this Court's final determination of her status and scope of testimony was made on February 23, Plaintiff's decision not to depose Dr. Garibotti during discovery was not due to undue delay or neglect. For these reasons, Plaintiff's Motion for Leave should be granted.

## II.   RELEVANT FACTS

Defendants delivered to Plaintiff's counsel the undertaking of Dr. Maria Garibotti on the evening of April 12, 2021, barely four days prior to the April 16 deadline for rebuttal expert reports set forth by this Court's Second Amended Scheduling Order (ECF 46). *See* Exh. A, *Email of N. Galli to D. Panzer*, Apr. 12, 2021, 6:03PM. Plaintiff formally objected to Defendants' disclosure, asserting that the disclosure was in violation of the Protective Order (ECF 13-1) requiring five days' notice prior to Defendants' disclosure of any Protected Material to the purported expert. *See* Exh. A, *Email of D. Panzer to N. Galli*, Apr. 12, 2021, 9:55 PM. Defendants referred to Plaintiff's position as "frivolous" and stated, "Elmagin's suggestion that it will file a motion for a protective order and/or sanctions is entirely inappropriate. Should Elmagin so move, Entergrid will seek sanctions for our time in responding to it under Rules 11 and 37." Exh. A, *Email of N. Galli to D. Panzer*, Apr. 12, 2021, 10:52 PM. Defendants served

the Rebuttal Report of Dr. Garibotti on April 16, 2021, eleven days prior to the close of discovery on April 27, 2021.

At the time Defendants served Dr. Garibotti's Rebuttal Report on Plaintiff, the Parties had already scheduled four depositions in the remaining seven business days prior to the close of discovery. Notably, Defendants had not noticed a single deposition in this proceeding prior to March 23, 2021, which Plaintiff noted when it sent correspondence to Defendants regarding the Parties' already demanding discovery schedule. *See* Exh. B, *Ltr. from D. Panzer to C. Goodwin,* March 31, 2021. The Parties' discovery schedule from April 12, 2021 to April 27, 2021 was as follows:

| DATE | DISCOVERY SCHEDULE |
|---|---|
| 04/12/2021 | Deposition of Plaintiff's Expert S. Craig Pirrong<br><br>*GARBOTTI Rebuttal Expert Disclosed* |
| 04/13/2021 | Deposition of Plaintiff's witness Roger Chiang |
| 04/14/2021 | Deposition of Guidong Zhu<br><br>Subpoena sent for service for deposition of Jay Tian. |
| 04/16/2021 | *GARBOTTI Rebuttal Report Served* |
| 04/19/2021 | Deposition of Defendant's Expert Cristian Zarcu |
| 04/21/2021 | Deposition of Defendant Karl Petty |
| 04/22/2021 | Subpoena served upon Jay Tian |
| 04/26/2021 | Deposition of Defendant's Expert W. Anthony Mason |
| 04/27/2021 | Deposition of Defendant's witness Jay Tian<br><br>*CLOSE OF DISCOVERY* |

Plaintiff submitted a Motion in Limine to Exclude Dr. Garibotti (ECF 101) on October 15, 2021. Defendants submitted their Response (ECF 140) on October 29, 2021. Plaintiff submitted its Reply (ECF 157) on November 5, 2021. On February 23, 2022, this Court issued an Order that "1. Dr. Garibotti may opine that Dr. Pirrong's methodology was unreliable and why, but she may not offer her own methodology. 2. Dr. Garibotti may testify regarding the test used by Dr.

3

Pirrong for comparison and analysis of the parties' FTR trading strategies and his interpretation and reliance upon bid analysis information of the parties. 3. Dr. Garibotti may not opine on the economic value of either party's trading strategies. 4. Dr. Garibotti may not testify as to the structure, operation, and mechanisms of financial transmission rights and the FTR markets." ECF 203.

On March 9, 2022, Plaintiff's counsel contacted Defendants' counsel asking for their consent to seek leave from this Court to file a consent motion to depose Dr. Garibotti.  *See* Exh. C, *Email of D. Panzer to N. Galli*, March 9, 2022, 10:42 AM.  Defendants' counsel confirmed receipt of the email on March 10, 2021, but did not provide a response until March 17, 2022, where Defendants' counsel stated, "We do not believe that Elmagin will be able to satisfy either element [of good cause or excusable neglect] . . . In light of these facts, among others, our clients do not see any reason to consent to your request." *See* Exh. C *Email of N. Galli to D. Panzer*, March 10, 2022, 4:29 PM; *Email of N. Galli to D. Panzer,* March 17, 2022, 11:44 AM.

Plaintiff now files this Motion for Leave to depose Dr. Garibotti.

### III.   LEGAL STANDARD.

Pursuant to Fed. R. Civ. P. 26(a)(2), "In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  Other Circuits have commented that "Rule 26's 'expert disclosure rule is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination  and perhaps arrange for expert testimony from other witnesses.'"  *OFS Fitel vs. Epstein,* 539 F.3d 1344, 1361-62 (11th Cir. 2008) (quoting *Reese v. Herbert,* 527 F.3d 1253, 1265 (11th Cir. 2008).

4

Courts within this Circuit are clear that a party "must seek permission from the Court prior to conducting an untimely deposition to which the opposing party objects." *Sikkelee v. Precision Airmotive Corp,* 522 F. Supp.3d at 120, 162-63 (M.D. Pa. 2021).

"The decision whether to reopen discovery is committed to the sound discretion of the district court, and the court's discretion is broad." *Trask v. Olin Corp.*, 298 F.R.D. 244, 267 (W.D. Pa. 2014) (*citing LeBoom v. Lancaster Jewish Cmty. Ass'n,* 503 F.3d 217, 235 (3d Cir. 2007) *and Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995)). A party seeking discovery outside of the discovery period must show good cause. *Trask,* 298 F.R.D. at 267; *Xcoal Energy & Res. v. Bluestone Energy Sales Corp*., 2020 U.S. Dist. LEXIS 165113, at *14 (D. Del. Sept. 8, 2020). Factors courts have used to show good cause include ": (1) whether the moving party's lack of diligence or the opposing party's conduct contributed to the delay; (2) potential prejudice caused by the discovery extension; and (3) any other factors the trial court, in its discretion, determines to be relevant."

### A.   Elmagin's inability to depose Dr. Garibotti prior to the end of the discovery deadline is not due to neglect or a lack of diligence.

At the time Plaintiff received Dr. Garibotti's rebuttal report, the Parties had four depositions scheduled in the remaining seven business days of discovery. Not only did Plaintiff not believe that Dr. Garibotti was a valid expert witness at the time of her undertaking, but Defendants' short notice did not provide Plaintiff with adequate time to review Dr. Garibotti's report, prepare for a deposition, and take a deposition at a time mutually agreeable by both parties given the already crowded remaining discovery schedule.

*Robins v. Nationwide Mutual Insurance Co.* has commented that the surrounding circumstances may affect whether opposing counsel has adequate time to depose an expert, even when disclosure is prior to the discovery deadline. *See* No. 3:12-CV-02034, 2013 U.S. Dist.

5

LEXIS 168286, at *11-12 (M.D. Pa. Nov. 26, 2013).  The court stated, "[f]irst, the Court notes that the disclosure of the expert witness and his expert report at 3:45 p.m. on July 31, 2013, the last day of the discovery period, was untimely. Although the disclosure was made before the discovery deadline, Plaintiffs knew that Defendant would not be able to digest [the expert]'s opinions, depose him, and get a rebuttal witness, by the end of the discovery period - that very same day. . .  It was the Plaintiffs' duty to disclose the identity of their expert witness and produce the expert report sufficiently early to allow both parties to comply with the discovery deadline set by the Court." *Id.*  In the present litigation, while Defendants did disclose Dr. Garibotti prior to the discovery deadline, Defendants were aware that the Parties' congested deposition schedule would not permit Elmagin to adequately prepare to depose and conduct the deposition of Dr. Garibotti.

Plaintiff also had concerns, which it raised in its Motion In Limine, that the scope of Dr. Garibotti's report was improper. Based on Plaintiff's objections to Dr. Garibotti, the Parties did not receive a final determination on a) whether Dr. Garibotti was a valid expert witness and b) the permissible scope of Dr. Garibotti's testimony until February 23, 2022.  Prior to this date, Plaintiff did not have the necessary information to know whether it should depose Dr. Garibotti and the proper scope of her report on which to question her.  Attempting to depose Dr. Garibotti without this information would cause an accumulation of unreasonable legal fees in violation of Elmagin's counsel's duty to avoid such unreasonable expenses. *See Model R. of Prof. Conduct, Rule 1*.5, American Bar Assn. (Apr. 14, 2020). Therefore, Plaintiff's inability to adequately depose Dr. Garibotti prior to the Court's Order was not a result of willful neglect or delay, but rather a need for further clarification as to Dr. Garibotti's expert status and the proper scope of her report in addition to the already discussed near-impossibility of timing.

Similarly, in *Aamco Transmissions, Inc. v. Marino*, defendants disclosed a fact witness a month prior to the discovery deadline. Nos. 88-5522, 88-6197, 1991 U.S. Dist. LEXIS 3335, at *1-2 (E.D. Pa. March 19, 1991). The impending deadline, the witness' unavailability with such short notice, and plaintiff's own doubt that the individual was a valid fact witness frustrated plaintiff's ability to depose the witness. *Id.* at *2-3. The court stated:

> It appears that plaintiff's misunderstanding about the status of Mr. Glickman was reasonable. There is no indication that plaintiff's failure to depose Mr. Glickman within the time prescribed was due to bad faith or neglect on its part. . . There has been no showing that reopening discovery for the limited purpose of permitting the deposition of Mr. Glickman would prejudice any of the parties or, given the numerous pre-trial motions and briefs filed by all parties, that it would significantly delay litigation of this case. The court concludes that there is good cause to reopen discovery to permit plaintiff to depose Mr. Glickman.

*Id.* at *4-5. As Elmagin had similar doubts of Dr. Garibotti's status as a valid expert and the Parties' discovery schedule prevented Elmagin from deposing Dr. Garibotti before the discovery deadline, Elmagin's lack of prior deposition of Dr. Garibotti was not in bad faith.

### B.      Defendants will not be prejudiced by Elmagin's deposition of Dr. Garibotti.

Defendants will not be prejudiced by Elmagin's deposition of Dr. Garibotti. First, Defendants, the sponsoring party, have had unfettered access to Dr. Garibotti since at least the time of her undertaking in April of 2021. Second, no trial date has been set in this litigation, and courts within this circuit have permitted deposition prior to trial when no trial date has been set. *See Dasso Int'l v. Moso N. Am.,* Nos. 17-1574-RGA, 19-564-RGA2021, U.S. Dist. LEXIS 184134, at *25 (D. Del. Sept. 27, 2021) (stating, "MOSO can cure any prejudice by conducting depositions prior to trial, which will not cause any disruption to the trial schedule, as the trial date has yet to be set"). Further, any deposition taken of Dr. Garibotti would be limited to the areas of her report found admissible in the Court's Order, and thus the deposition would be

7

considerably more streamlined than it would have been had it been taken prior to the Court's Order.

Courts have repeatedly found that depositions were permitted without prejudice to the opposing party when they are likely to lead to relevant evidence and are limited in scope to necessary issues. *See In re Fedex Ground Package Sys.,* No. 3:05-MD-527 RM (MDL-1700), 2008 U.S. Dist. LEXIS 137738, at *65 (N.D. Ind. Aug. 21, 2008) (stating, "Plaintiffs do not seek all of Fedex's tax documents. Instead, Plaintiffs seek one document, the NOPA, and a limited deposition, which is the full extent of their request . . . Plaintiffs shall be able to depose Ford, but only to conduct a very narrow and targeted deposition of Ford. The deposition shall only relate to issues generated from the NOPA and most recent IRS audits."); *See also Callaway Golf Co. v. Dunlop Slazenger Group Ams., Inc.,* No. 01-669-### (MPT), 2002 U.S. Dist. LEXIS 15429, at *9 (D. Del. Aug. 14, 2002) (permitting limited deposition if party could show" practical, trial-based reason" for testimony). Further, in *Fedex*, the deposition was granted even though the witness had been previously deposed. *In re Fedex Ground Package Sys.,* 2008 U.S. Dist. LEXIS 137738, at *58-59.

As Defendants have had unfettered access to Dr. Garibotti that Elmagin does not enjoy, no trial date has been set, and Dr. Garibotti's deposition would be limited in scope, Defendants would not be prejudiced by Elmagin conducting a limited deposition of Dr. Garibotti prior to trial.

**C.   Elmagin's deposition of Dr. Garibotti will enable Elmagin to understand Dr. Garibotti' Rebuttal Report and streamline the issues and testimony to be elicited at trial. Plaintiff will also be able to obtain information on Dr. Garibotti's background not provided in the Rebuttal Report.**

Plaintiff is not seeking to entirely reopen discovery, but rather obtain a single deposition of Defendants' expert witness. In *Kotofsky v. Albert Einstein Med. Ctr.,* while the court did not

8

ultimately extend the discovery deadline, the court did reopen discovery to permit a singular deposition of a witness that plaintiff was unable to depose prior to the discovery deadline. No. 98-3416, 2000 U.S. Dist. LEXIS 15698, at *9-11 (E.D. Pa. Oct. 30, 2000). This was based on plaintiff's showing of a "legitimate need" to depose the witness. *Id.* at 9. Elmagin has a legitimate need to depose Dr. Garibotti.

Permitting Plaintiff to depose Dr. Garibotti would enable Plaintiff to acquire a better understanding of the permitted contents of her Rebuttal Report, which would now be limited to the areas of testimony this Court found permissible in its Order (ECF 203). Further, Elmagin would be able to obtain information on Dr. Garibotti's academic and employment background not evident in her Rebuttal Report or Curriculum Vitae that could be relevant to understanding her testimony. Such understanding would permit Plaintiff to more efficiently elicit testimony from Dr. Garibotti at trial, as Plaintiff would have a clearer idea of any questions left unanswered or areas of necessary clarification to be reserved for trial testimony.

### D. Elmagin would be prejudiced by being denied the opportunity to depose Dr. Garibotti.

Courts have previously found that when no trial date has yet been set and expert disclosure occurred late in the discovery period, the non-disclosing party would be prejudiced by not having the opportunity to depose the disclosing party's expert. For example, in *Robbins v. Nationwide Mut. Ins. Co.,* the court stated, "[c]onsidering the above factors, the Court finds that although Defendant would be clearly prejudiced by Plaintiffs' late expert witness disclosure, there is time to cure the prejudice, particularly since the case has not been set for trial and there is no evidence of bad faith on the Plaintiffs' part[.]" No. 3:12-CV-02034, 2013 U.S. Dist. LEXIS 168286, at *14 (M.D. Pa. Nov. 26, 2013); *see also Martin v. Buono,* No. NO. 20-3715-KSM, 2021 U.S. Dist. LEXIS 73063, at *23 (E.D. Pa. Apr. 15, 2021).

Here, Elmagin will be prejudiced if it does not have the opportunity to depose Dr. Garibotti, as Elmagin would be denied the chance to gain crucial understanding of Dr. Garibotti's Rebuttal Report and background.  Further, Elmagin would be required to prepare to examine Dr. Garibotti at trial without such understanding, complicating the issues on which Elmagin would need to question her.  Moreover, as "[e]xpert witnesses provide laymen with crucial knowledge where the common experience of such jurors is insufficient to comprehend particular facts of a case[,]" denying Elmagin such crucial knowledge in turn denies the jury such knowledge as well.  *See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig. v. Exxon Mobil Corp.,* Nos. 00 CIV 1898 (SAS); 04 Civ. 3417 (SAS), 2009 U.S. Dist. LEXIS 63563, at *58 (S.D.N.Y. July 21, 2009).  As such potential prejudice could be cured by permitting a streamlined deposition of Defendants' Rebuttal Expert, Elmagin respectfully requests leave to depose Dr. Garibotti.

## IV.   CONCLUSION.

For the foregoing reasons, Defendants respectfully request the Court to grant it leave to depose Dr. Maria Garibotti as to the contents of her Rebuttal Report.

Respectfully Submitted,

Dated:  March 24, 2022

 */s/ Douglas Panzer*
Douglas Panzer (PA Bar ID: 203354)
Manny D. Pokotilow (PA Bar ID: 13310)
Allison R. White (PA Bar ID: 329108)

Caesar Rivise, PC
7 Penn Center, 12th Floor
1635 Market Street
Philadelphia, PA 19103
dpanzer@crbcp.com
mpokotilow@crbcp.com
awhite@crbcp.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2022, a copy of Plaintiff Elmagin Capital, LLC's PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO DEPOSE DEFENDANTS' EXPERT DR. MARIA GARIBOTTI, including the exhibits thereto, was served on the following via electronic mail:

>Nicole D. Galli
>Charles P. Goodwin
>
>ND Galli Law LLC
>One Liberty Place
>1650 Market Street
>Suite 3600, #00250
>Philadelphia, PA19103
>ndgalli@ndgallilaw.com
>cgoodwin@ndgallilaw.com
>
>ATTORNEYS FOR DEFENDANTS

By __/s/Douglas Panzer_____