**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ELMAGIN CAPITAL LLC,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | **CIVIL ACTION NO.:** |
| **CHAO CHEN;** | : | **2:20-cv-02576-TJS** |
| **KARL PETTY;** | : | |
| **ENTERGRID LLC;** | : | |
| **ENTERGRID FUND I LLC** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**PLAINTIFF ELMAGIN CAPITAL LLC'S MEMORANDUM IN SUPPORT OF ITS**
**MOTION TO EXCLUDE THE PUBLIC AND PRESS FROM TRIAL**

**I.**   <u>**Introduction**</u>

Plaintiff Elmagin Capital, LLC moves the Court to exclude the public and press from the

trial of this case. Plaintiff's motion should be granted to preserve the confidential information

that is at the heart of this case. The motion should also be granted because failure to close the

court room to the public and press would cause irreparable harm to the Plaintiff.

**II.**   <u>**Facts**</u>

This lawsuit is based on the claim of the Plaintiff that the Defendants have breached the non-

disclosure clauses of the Agreements they made with the Plaintiff to maintain the confidentiality

of and not disclose or use the trade secrets owned by the Plaintiff. In addition, Defendants are

being sued by the Plaintiff for misappropriation of Plaintiff's trade secrets. Plaintiff's suit is

under both the Federal Defense of Trade Secrets Act, 18 U.S.C. § 1836, et seq. ("DTSA") and

the Pennsylvania Uniform Trade Secrets Act, 12 Pa.C.S.A. §§ 5301 et seq. ("PUTSA").

1

Plaintiff has developed various proprietary trading strategies for determining its bids in wholesale electricity markets. Three of these strategies are referred to as Breck, Faber, and Chloe. Plaintiff has taken extensive measures to maintain the secrecy of these trading strategies it uses and which are the subject of the misappropriation and breach of contract claims. In this respect, Plaintiff requires all employees of the company to sign non-disclosure agreements. Plaintiff requires written agreements with all contractors, maintains an Employee Handbook and requires in its employment agreements that employees acknowledge and abide by the Employee Handbook. (See pages 24 to 26 of Plaintiff's Memorandum in Support of Motion for Summary Judgment.) ECF 59. Defendant, Chao Chen, who was deeply involved in the conception and development of those strategies knows them intimately. During his deposition in this litigation, Chen expressly admitted that each of these three trading strategies is confidential information of Plaintiff, Elmagin. Chen Dep. at 82:24-83:2. (See Plaintiff's Exh. B of its Memorandum in Support of Motion for Summary Judgment) ECF 59. Defendant, Karl Petty has admitted that loss of the trade secrecy of the Plaintiff's trading strategies would destroy the economic value of the strategies. See the 30(b)(6) deposition of Petty at 47:11 to 50:4. (Exh. E of Plaintiff' Motion for Summary Judgment) ECF 59.

During the trial, Plaintiff will be required to explain to the jury the elements of the trading strategies at issue as well as the trading strategies of Defendants which are the subject of the misappropriation claims. Because the value of the Elmagin trading strategies would be destroyed by public disclosure, Plaintiff will be irreparably harmed by opening the courtroom, during trial, to the public or the media.

III.    **Third Circuit and Federal Law Support Protection of Trade Secrets During Trial**

After acknowledging that "the public and the press possess a First Amendment and a common law right of access to civil proceedings"; the Third Circuit Court of Appeals in *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) noted that there are also exceptions. The *Publicker* case involved alleged "sensitive" and "confidential" stockholder information. The *Publicker* court stated (at 1070-71):

> In addition, there are certain exceptions to the presumptive openness of judicial proceedings. Nixon v. Warner Communications, Inc., 435 U.S. at 598; Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d at 1179. The party seeking the closure of a hearing or the sealing of a transcript bears the burden of showing that the material is the kind of information that courts will protect and that there is good cause for the order to issue. Zenith Radio Corp. v. Matsushita Electric Industrial Co., 529 F. Supp. 866, 890 (E.D.Pa. 1981). Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. Id. at 891. The injury must be shown with specificity. Id., See In Re Iowa Freedom of Information Council, 724 F.2d 658 (8th Cir. 1983). **The exception that is closest to this case is the protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.** Stamicarbon, N.V. v. American Cyanamid Co., 506 F.2d 532, 539-42 (2d Cir. 1974). (emphasis added.)

Similarly, the Defend Trade Secrets Act (DTSA) provides that courts "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets, consistent with the requirements of the Federal Rules of Criminal and Civil Procedure, the Federal Rules of Evidence, and all other applicable laws." 18 U.S.C. § 1835(a).  DTSA further states that courts "may not authorize or direct the disclosure of any information the owner asserts to be a trade secret unless the court allows the owner the opportunity to file a submission under seal that describes the interest of the owner in keeping the information confidential." 18 U.S.C. § 1835(b).

In *BP America Production Co. v. Hamer*, 2019 U.S. Dist. LEXIS 219768 *4; 2019 WL 7049990 (D. Col 2019) a trade secret action under the DTSA, plaintiff moved the Court to limit access to the court room at the parties' hearing to Court personnel and the parties, along with their attorneys, agents, representatives and witnesses. The court granted the Motion based on the above cited sections of 18 U.S.C. § 1835.

The court also stated (at *5):

> Finally, Plaintiff's right to maintain the secrecy of its proprietary information outweighs the public's right to access judicial proceedings and related documents. See, e.g., Uni-Systems, LLC v. United States Tennis Ass'n, No. 17 CV 147 (KAM) (CLP), 2019 U.S. Dist. LEXIS 133717, 2019 WL 3753780, at *4 (E.D.N.Y. Aug. 8, 2019) (avoiding disclosure of a trade secret constitutes "good cause to maintain the confidentiality of the information, outweighing the public's presumptive right of access."); Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc., 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998) ("Potential damage from release of trade secrets is a legitimate basis for sealing documents and restricting public access during trial.") (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 598, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978) (documents); Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 600 n.5, 100 S. Ct. 2814, 65 L. Ed. 2d 973 (1980) (Stewart, J., concurring) (trial)).

Based on the foregoing law of both the Third Circuit and the Federal DTSA, where there are trade secrets involved and the Plaintiff will be irreparably harmed by disclosure of the trade secrets, *in camera* court proceedings are warranted. Accordingly, Plaintiff respectfully requests closing the court room at trial to the public and the media.

## IV.    <u>Conclusion</u>

As set forth above, Plaintiff has shown that its trading strategies are confidential, have been kept confidential by strenuous efforts of the Plaintiff and if disclosed to the public would cause irreparable harm to Plaintiff. Because 18 U.S.C. § 1835(a) and (b) and Third Circuit law

supports protecting trade secrets at trial, the Plaintiff respectfully submits that the court room should stay closed during the trial of this matter.


Respectfully Submitted,


Dated:  April 6, 2022                                 _/s/ Douglas Panzer_

Douglas Panzer (PA Bar ID 203354)
Manny D. Pokotilow (PA Bar ID 13310)
Allison White (PA Bar ID 329108)
Caesar Rivise, PC
7 Penn Center, 12th Floor
1635 Market Street
Philadelphia, PA 19103
dpanzer@crbcp.com

*Attorneys for Plaintiff*

5