

NICOLE D. GALLI
One Liberty Place
1650 Market Street
Suite 3600, #00250
Philadelphia, PA 19103
(215) 525-9583 direct
(215) 525-9585 fax
ndgalli@ndgallilaw.com

April 13, 2021

VIA ECF
Honorable Stephanos Bibas
601 Market Street
Philadelphia, PA 19106

      RE: <u>Elmagin Capital, LLC v. Chen et al, No.: 2:20-cv-02576-BS (E.D. Pa.)</u>

Dear Judge Bibas:

      During April 12, 2022 conference, the Court requested that Defendants submit authority supporting their contention that inadequate consideration in the NDNC[1] is a fact issue for the jury to decide in this matter. In response, Defendants respectfully submit this letter. [2]

      The paramount authority is this Court's summary judgment opinion. This Court has already decided this issue in its ruling on summary judgment:

> Whether Chen and Petty breached the non-disclosure provisions of their contracts with Elmagin requires resolving the same fact issues that preclude summary judgment on Elmagin's claims of misappropriation based on disclosure. If the jury finds that the defendants misappropriated Elmagin's trading strategies in developing their own strategies, the disclosure of their own derivative strategies to others constitutes breach of the non-disclosure provisions. Thus, we shall deny the motions for summary judgment on the breach of contract claims.[75/]
>
>     [75/] Similarly, ***issues of fact preclude finding that the contracts lacked proper consideration.*** The MIA provides that Chen would receive a closing

---

[1] The "NDNC" is the Non-Disclosure and Non-Competition Agreement between Chao Chen on the one hand, and Elmagin Capital LLC ("Elmagin"), Richard Gates and Kevin Gates on the other.

[2] The transcript for yesterday's proceedings is not yet available and the undersigned counsel's notes do not reflect guidance on the Court's preferred format for this submission. The undersigned have styled this as a letter to state their reasoning clearly and with authority. The Court did not indicate a desired length. Thus, Counsel has quoted the authorities at some length in parentheticals and elsewhere. Counsel respectfully hope that this is acceptable to the Court. Counsel are of course at the Court's disposal to restyle this pleading to conform to the Court's instructions if needed.

Honorable Judge Stephanos Bibas
April 13, 2022
Page 2

> payment and trailing payments for three years following his departure, in exchange for his shares of Elmagin and for signing the NDNC. MIA at ¶ 3; NDNC at ¶ B; Chen Resp. Decl. at ¶ 27. Petty's Consulting Agreement provides for an hourly consulting fee. Consulting Agreement at ¶ 4. However, the defendants point to evidence that Chen has only received $15,000 for his shares of Elmagin to date and that the fair market value for his shares is closer to $3 million. Chen Resp. Decl. at ¶¶ 29-32. The defendants have introduced evidence that Petty did not submit any invoices to Elmagin for his work, nor did Elmagin pay him. Petty Decl. at ¶ 3; Chen Summ. J. Decl. at ¶ 23. ***Therefore, whether the contracts were supported by adequate consideration is for the jury to determine***.

*Elmagin Cap., LLC v. Chen*, 555 F. Supp. 3d 170, ____ & n.75 (E.D. Pa. 2021) (emphasis added) [ECF 94 at 21 & n.75].

The issue was comprehensively argued and briefed on summary judgment. The Court made an explicit ruling on the exact subject. Elmagin cannot use non-specific prefatory language from the beginning of the opinion to erase this Court's explicit ruling.

The decision of the Court is law of the case. *See Ass'n of N.J. Rifle & Pistol Clubs Inc. v. Att'y Gen. New Jersey*, 974 F.3d 237, 246 (3d Cir. 2020) ("'once an issue is decided, it will not be relitigated in the same case, except in unusual circumstances.'" (quoting *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 165 (3d Cir. 1982)). "[R]oom for vigorous debate about [a] prior decision" does not make a prior decision "clearly wrong and manifestly unjust." *N.J. Rifle*, 974 F.3d at 247.[3]

Notwithstanding the Court's prior express ruling, Elmagin's Amended Pretrial Memorandum incorrectly contends that adequacy of consideration may not be disputed because, *inter alia*, the NDNC contains the language "intending to be legally bound," citing the Pennsylvania Uniform Written Obligations Act 33 Pa. Stat. Ann. § 6 ("UWOA"). Elmagin did not raise the UWOA at any time before its Amended Pretrial Memorandum.

The Court's prior decision is well grounded on Pennsylvania law. Pennsylvania law requires the jury to address the fact question of whether consideration is adequate. *See Socko v.*

---

[3] In substance, Elmagin seeks reconsideration. Reconsideration requires the moving party demonstrate "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Danise v. Saxon Mortg. Servs. Inc.*, 738 F. App'x 47, 52 (3d Cir. 2018) (cleaned up). Elmagin cannot meet these requirements.

There are rulings that Defendants would like to revisit: in particular, those rulings as to opinion testimony from Dr. Pirrong (expert) and Mr. Yuros (lay), and that Elmagin's description of its trade secrets is sufficiently articulated to reach the jury. With all respect, Defendants believe are in manifest error. The Court, both before and after the change in presiding judges, has been plain that these decisions are now law of the case. Claims of error are thus for the Court of Appeals.

*Mid-Atl. Sys. Of CPA, Inc.*, 633 Pa. 555, 126 A.3d 1266, 1278-29 (2015). In *Socko*, Pennsylvania Supreme Court held that UWOA does not apply to restrictive covenants: "an employment agreement containing a restrictive covenant not to compete may be challenged for a lack of consideration even though the agreement, by its express terms, indicates that the parties 'intend to be bound' pursuant to UWOA." *Id*. at 573, 126 A.3d at 1277. *Socko* read the UWOA in the context of the pre-existing common law policies on restrictive covenants, both in conjunction with the employment relations and the sale of a business. *Id*. at 566-75, 126 A.3d at 1273-78. *Solko* gave extensive consideration as to whether the UWOA should be read literally in isolation or in the context of common-law policies against restrictive covenants. *Id*. at 571, 126 A.3d 1276. Relying on Pennsylvania Statutory Construction Act, 1 Pa.C.S. §§ 1501 *et seq.*, the Court determined that the UWOA should be construed narrowly because a contrary construction would achieve an absurd result, be in derogation of common law, and frustrate public policy and legislative intent.[4] *Id*. at 571-723, 126 A.3d 1276-7. Thus the Court concluded:

> Upon consideration of the historic background regarding covenants not to compete, their relative positive and negative impact upon the employer-employee relationship, and their unique treatment in the law, including more rigorous scrutiny by our courts, we conclude that a construction of the UWOA which would vitiate the need for new and valuable consideration when entering into an agreement containing a restrictive covenant after the initiation of employment would be unreasonable. 1 Pa.C.S.A. § 1922. Moreover, our conclusion is buttressed by the narrow construction which must be given to the UWOA. 1 Pa.C.S. § 1928(b)(8). Thus, we hold that an employment agreement containing a restrictive covenant not to compete may be challenged for a lack of consideration even though the agreement, by its express terms, indicates that the parties "intend to be legally bound" pursuant to the UWOA.

*Socko*, 633 Pa. at 575, 126 A.3d at 1278.

Defendants anticipate that Elmagin will try to limit *Socko* to employment cases. That is not Pennsylvania law. Under Pennsylvania law, **all** non-competition agreements are **invalid except** in the context of employment or the sale of a business. *Id.* 55 at 568, 126 A.3d at 1274 ("It has long been the rule at common law, that contracts in restraint of trade made independently of a sale of a business or contract of employment are void as against public policy regardless of the valuableness of the consideration exchanged therein." (quoting *Morgan's Home Equip. Corp. v. Martucci*, 390 Pa. 618, 629, 136 A.2d 838, 845 (1957)).

When a non-compete is adjunct to the sale of a business, Pennsylvania requires adequate consideration just as in the employment context, although the adequacy of consideration is treated less stringently than as to employment. *See Albee Homes, Inc. v. Caddie Homes, Inc.*, 417 Pa.

---

[4] Pennsylvania Statutory Construction Act binds this Court. *See Philadelphia Ent. & Dev. Partners LP v. Dep't of Revenue*, 860 F. App'x 25, 28 (3d Cir. 2021) ("Because Pennsylvania statutes govern this dispute . . ., we 'apply the [Pennsylvania] Statutory Construction Act …'" (quoting *Johnson v. Phelan Hallinan & Schmieg, LLP*, 235 A.3d 1092, 1097 (Pa. 2020)).

Honorable Judge Stephanos Bibas
April 13, 2022
Page 4

177, 185, 207 A.2d 768, 772 (1965) ("restrictive covenants which form part of a contract of employment and are not ancillary to a buy-sell agreement, are subject to a more stringent test of reasonableness").[5] The common-law policies apply with equal force to agreements adjunct to the sale of a business.

In sum, *Socko* controls in the circumstances before the Court. The UWOA does not apply. The adequacy of consideration is for the jury.[6]

Respectfully,

*Nicole D. Galli*

Nicole D. Galli

cc:  All Counsel of Record via ECF

---

[5] *Morgan* found that different policy interests supported the exceptions for employment non-competes (incentives employers to train employees in new skills plus preventing employee from practicing his trade) and sale-of-business non-competes (protecting the purchaser from immediate competition from the former owner). *See* 390 Pa. at 631-32, 136 A.2d at 846. Those distinctions do not support a different outcome here than in *Socko*. Here, Elmagin makes no claim that it has suffered any competitive harm from Defendants' participation in FTR trading.

[6] On a purely pragmatic basis, if there is legal error in letting the jury decide the facts as to adequacy of consideration, the Court of Appeals can reverse without remand. If there is legal error in withholding that question from the jury, reversal will require retrial, further consuming judicial resources. There is no prejudice to Elmagin in letting the jury decide the question.