

**DOUGLAS PANZER**
Attorney-at-Law
7 Penn Center, 12th Floor
1635 Market Street
Philadelphia, PA 19103-2212
215-567-2010 (p)
215-751-1142 (f)
dpanzer@caesar.law
www.caesar.law

April 13, 2022

**VIA ELECTRONIC CASE FILING (ECF)**
Honorable Judge Stephanos Bibas
9614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106
Courtroom 9-A

   **Re: Elmagin Capital, LLC v. Chen et al**
     **United States District Court for the Eastern District of Pennsylvania**
     **Case No.: 2:20-cv-02576-TJS (Our Ref. E1168/40001)**
     **Sufficiency of Consideration as a Matter of Law**

   In its Memorandum Opinion on Summary Judgment the Court "conclude[d] that the defendants' non-disclosure agreements are valid and enforceable, but fact issues remain as to whether they were breached." Mem. Op. on Summary Judgment (ECF094) at 1. However, footnote 75 of the Opinion states that "whether the contracts were supported by adequate consideration is for the jury to determine." *Id*. at 21, n. 75. The law of the Commonwealth of Pennsylvania and the interpretation thereof by the Court of Appeals for the Third Circuit provide that the expressly stated intent of Chen and Petty to be bound by the restrictive covenants in their respective agreements with Elmagin also settle this question. The agreements may not be held invalid or unenforceable for lack of consideration[1].

   The Pennsylvania Uniform Written Obligations Act provides:

> A written release or promise, hereafter made and signed by the person releasing or promising, shall not be invalid or unenforceable for lack of consideration, if the writing also contains an additional express statement, in any form of language, that the signer intends to be legally bound.

33 Pa. Stat. Ann. § 6. This Act, approved and immediately effective as of May 13, 1927, remains the controlling law of this Commonwealth and the Third Circuit. See *Electra Realty Co. v. Kaplan Higher Educ. Corp.*, 825 F. App'x 70, 73 (3d Cir. 2020):

> A contract that contains "an express statement, in any form of language, that the signer intends to be legally bound" cannot be "invalid or unenforceable" for lack of consideration. See 33 P.S. § 6; *Socko v. Mid-Atl. Sys. of CPA, Inc.*, 633 Pa. 555, 126 A.3d 1266, 1277 (Pa. 2015) ("[A] contract containing a written express statement of intent to

---

[1] "A lack of consideration means that no consideration was intended to pass." *Williams v. Katawczick*, 53 Pa.D.&C.4th 558, 567 (2001) (citing McGuire v. Schneider, Inc., 534 A.2d 115, 118 (Pa. Super. 1987))

be 'legally bound' supplies the necessary consideration to support the enforceability of an agreement.").

**The Agreements in this Case**

Each of the three (3) contracts at issue in this case contains language of Chen and Petty's respective intent to be bound:

1) <u>The Chen Non-Disclosure and Non-Competition Agreement</u>, in its preamble, states:

   NOW THEREFORE, in consideration of the foregoing and the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and <u>intending to be legally bound hereby</u>, the parties agree as follows

   (emphasis added).

2) <u>The Chen Membership Interest Purchase Agreement</u>, at Section 7, states:

   Seller acknowledges and agrees that a material component of the Transaction is Seller's agreement not to compete against the Sellers and or the Company as provided for in the <u>Non-Disclosure and Non-Competition Agreement</u> (the "NDNC Agreement") attached as Exhibit "C" attached hereto and <u>incorporated herein</u>

   (emphasis added).

3) <u>The Petty Consulting Agreement</u>, in its preamble, states:

   NOW THEREFORE, in consideration of the mutual covenants and agreements contained herein, and <u>intending to be legally bound</u>, the Company and Consultant agree as follows

   (emphasis added).

Defendants appear to argue for application in this case of an exception to the UWOA found in *Socko*, which states that "[w]ithout new and valuable consideration, a restrictive covenant is unenforceable" when new restrictive covenants are entered into. *Socko*, 633 Pa. at 570. This is, however, clearly inapplicable in the present case. Petty signed his Consulting Agreement at the outset of his engagement with Elmagin. Chen, who was an owner of Elmagin (never an employee), signed his Membership Interest Purchase Agreement and NDNC in connection with his sale of his interest in Elmagin and for the consideration expressly stated therein.[2]

---

[2] In further support of this point, Plaintiff notes that "[a] covenant not to compete which is ancillary to a contract for the sale of a business is subjected to a less rigorous reasonableness examination than one that is ancillary to an employment contract." *Prison Health Servs. v. Umar*, CIVIL ACTION NO. 02-2642, 2002 U.S. Dist. LEXIS 12288, at *50 (E.D. Pa. July 2, 2002).

The established law of this Circuit precludes a factual finding that any of the three agreements fails for lack of consideration. No facts here permit any exception. As such, Defendants should be precluded from seeking such a finding from the jury.

Respectfully Submitted,
CAESAR RIVISE, PC

By _____

**Douglas Panzer**
Caesar Rivise, PC
7 Penn Center, 12th Floor
1635 Market Street
Philadelphia, PA 19103
dpanzer@crbcp.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of April 2022, I served a true and correct copy of the foregoing Letter Submission re Sufficiency of Consideration as a Matter of Law via email upon the counsel of record for Defendants.

       */s/ Douglas Panzer*

**Douglas Panzer**
Caesar Rivise, PC
7 Penn Center, 12th Floor
1635 Market Street
Philadelphia, PA 19103
dpanzer@crbcp.com

*Attorneys for Plaintiff*