

NICOLE D. GALLI
One Liberty Place
1650 Market Street
Suite 3600, #00250
Philadelphia, PA 19103
(215) 525-9583 direct
(215) 525-9585 fax
ndgalli@ndgallilaw.com

April 20, 2022

VIA ECF
Honorable Stephanos Bibas
U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

      RE: *Elmagin Capital, LLC v. Chen et al*, No.: 2:20-cv-02576-SB (E.D. Pa.)
           Reply Letter re Defendants' Production of Financial Information

Dear Judge Bibas:

Defendants respectfully request that the Court consider this brief response in light of Elmagin's letter today. Elmagin's letter reveals that there is no additional financial information that Defendants can produce in this matter.

With one exception, Defendants simply do not possess detailed information itemizing for each trade, on a trade-by-trade basis (1) which strategy was used (sometimes more than one were used in combination); and (2) more specifically, which of those trades cleared resulting in revenues or losses for the Defendants. The exception is that some RTO records (MISO, here) identify the computer program used to make the bid, which usually (if not always) reflects the name of the strategy being run. These records were produced to Plaintiff.

Since Defendants do not maintain such information on this level, it has instead provided what information it does have – its revenue and expense information by month by ISO/RTO, all its trades, and, for PJM and MISO (which is what Defendants believe are most at issue here), which strategies it used on a month-by-month basis.

While in an ideal world the parties would be able to tie revenues to a more granular level, the records simply do not exist to allow that to happen. But the law also does not require it – the law requires reasonable certainty, not mathematical certainty. Thus, as noted in my prior letter, Defendants thus expect that Plaintiff can easily apportion damages with reasonable certainty here (1) on a top level as between FTR and non-FTR strategies – that requires apportioning between PJM and MISO on the one hand and CAISO and ERCOT on the other; and (2) within PJM and MISO on a month-by-month basis. Thus, for example, if only FTR strategies were found to have been misappropriated, then revenues from CAISO or ERCOT would be disregarded. Then, within FTR strategies, if only Hydra is found to have been misappropriated, for example, only revenues through June 2020 in PJM and MISO would be considered (since that is when Defendants ceased use of that strategy).

Honorable Judge Stephanos Bibas
April 20, 2022
Page 2

Thus, it appears that Elmagin has all the information it is required to meet its burden of proof on damages, such that an equitable accounting is inappropriate in this case.

                                                                                                     Respectfully,

                                                                                                     Nicole D. Galli

cc:  All Counsel of Record via ECF