

DOUGLAS PANZER
Attorney-at-Law
7 Penn Center, 12th Floor
1635 Market Street
Philadelphia, PA 19103-2212
215-567-2010 (p)
215-751-1142 (f)
dpanzer@caesar.law
www.caesar.law

April 21, 2022

<u>**VIA ELECTRONIC CASE FILING (ECF)**</u>
Honorable Judge Stephanos Bibas
9614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106
Courtroom 9-A

    Re: **Elmagin Capital, LLC v. Chen et al**
       **United States District Court for the Eastern District of Pennsylvania**
       **Case No.: 2:20-cv-02576-TJS (Our Ref. E1168/40001)**

       **Plaintiff's Objection to Defendants' Proposed Courtroom-Closure Procedures**

Dear Judge Bibas:

  Pursuant to the Court's order (ECF 243), Plaintiff writes to state its objection to Defendants' proposed courtroom-closure procedures set out in ECF 241. Defendants' proposed procedures a) create logistical impossibilities that compound the complexity of the conduct of the trial and b) provide to Defendants a veto mechanism as to the witnesses and evidence that Plaintiff will present.

  On April 15, 2022, Plaintiff Elmagin submitted to the Court its proposal for the limited-scope closure of trial to the public and press. ECF 225. As stated therein, Plaintiff's counsel had proposed the stated procedures to Defendants' counsel before filing with the Court. Unfortunately, Defendants' counsel rejected the proposal outright and countered with its own procedures, now set out in its letter at ECF 241, as opposed to proposing potentially acceptable revisions to Plaintiff's suggestion.

  Defendants' proposed procedure would create an impractical and unnecessary amount of extra work for the Court and for the parties. The procedures take away any flexibility of Plaintiff to manage its trial strategy or organize its testimony as the evidence comes in. More importantly, Defendants do not consider there to be any reason for closing the court room and advised Plaintiff that the trading strategies of Plaintiff and Defendants, the steps of which are listed in the demonstrative attached to the letter of Plaintiff's counsel (ECF 225 at Exh. A), are not trade secrets, rather requiring more granular disclosure. However, if the trading strategies of Breck and Faber

as listed in the demonstratives of Plaintiff are not in fact trade secrets Defendants should be able show more easily that these strategies are not trade secrets. To the contrary, the parties have stipulated to the fact that Defendants' experts are not aware of any publication that shows the steps of Breck (ECF 239, p. 2, Stipulation of Fact 5) and Plaintiff has shown in its proposed facts that Mr. Zarcu also testified to not being aware of any publication showing the steps of Faber or Chloe ([ECF 239, p. 5, Proposed Findings 9 and 10).

Finally, Defendants' proposed procedures would require the court to determine what are trade secrets in the case, rather than the jury, which has the sole duty to make such findings of fact. Accordingly, Plaintiff respectfully requests that the procedure proposed in its earlier letter of April 15 (ECF 225) be adopted.

cc: Nicole Galli
    Charles Goodwin

Respectfully Submitted,
CAESAR RIVISE, PC

By _____
**Douglas Panzer**
Caesar Rivise, PC
7 Penn Center, 12th Floor
1635 Market Street
Philadelphia, PA 19103
dpanzer@crbcp.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April 2022, I served a true and correct copy of the foregoing Letter Submission re Necessity of Accounting in View of Defendants' Production via email upon the counsel of record for Defendants.

 */s/ Douglas Panzer*

**Douglas Panzer**
Caesar Rivise, PC
7 Penn Center, 12th Floor
1635 Market Street
Philadelphia, PA 19103
dpanzer@crbcp.com

*Attorneys for Plaintiff*