

**DOUGLAS PANZER**
Attorney-at-Law
7 Penn Center, 12th Floor
1635 Market Street
Philadelphia, PA 19103-2212
215-567-2010 (p)
215-751-1142 (f)
dpanzer@caesar.law
www.caesar.law

April 29, 2022

**VIA ELECTRONIC CASE FILING (ECF)**
Honorable Judge Stephanos Bibas
9614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106
Courtroom 9-A

> **Re:  Elmagin Capital, LLC v. Chen et al**
> **United States District Court for the Eastern District of Pennsylvania**
> **Case No.: 2:20-cv-02576-TJS (Our Ref. E1168/40001)**
> **Precluding Opinion on Yuros Bid Study**

Dear Judge Bibas:

On Wednesday, April 27, 2022, Plaintiff advised Defendants and the Court, in open court, that Plaintiff's Expert Dr. Pirrong will not testify to the portion of his Expert Report, attached as Exhibit A, concerning PTX194 or any of the Exhibits showing of a study of the Defendants' bids which was prepared by Plaintiff (hereinafter the "Bid Study")[1]. *See* Transcript, Jury Trial Day 2, at 240:18-20.  Defendants now wish to call Matt Yuros as an adverse witness in Defendants' case-in-chief and examine him about the Bid Study, even though Mr. Yuros will not be testifying as a witness for Plaintiff. Plaintiff objects because the Bid Study is no longer to be used by the Plaintiff or opined on by Plaintiff's Expert Dr. Craig Pirrong and, therefore, rebuttal expert testimony is precluded.

Defendants advised in Court today that they wish to question Mr. Yuros about the Bid Study so that they may have Defendants' Expert witness Christian Zarcu testify about it.  However, Christian Zarcu did not opine on the Bid Study in his Expert Report, DTX 104.  He only opined on the Bid Study in his Rebuttal Expert Report, DTX 106.   Rebuttal Expert Maria Garibotti also opined about the Bid Study in her Rebuttal Expert Report.

---

[1] The Bid Study appears in the exhibit lists of Plaintiff and Defendants in various versions at PTX193-196.

April 29, 2022
Honorable Judge Stephanos Bibas
Page -2-

Defendants should not be permitted to take Mr. Yuros for this purpose and should not be permitted to ask either Mr. Zarcu or Dr. Garibotti questions about the Bid Study because it would be outside of the scope permitted of expert rebuttal testimony to Dr. Pirrong. Mr. Zarcu and Dr. Garibotti are permitted to rebut only that which Dr. Pirrong discusses in his Expert testimony. Plaintiff submits this letter in conformance with Your Honor's statement that the Court "will take simultaneous letter briefs by Friday at 5:00pm" (*See* Jury Trial Day 2 at 242:19-20 concerning this dispute).

Because Plaintiff's expert, Dr. Pirrong, will not testify to that portion of his expert Report, PTX192, that discusses the Bid Study, both Mr, Zarcu and Dr. Garibotti should be precluded from testifying as to the Bid Study because as set forth in Open Court, Dr. Pirrong will not be testifying about the Bid Study.  Dr. Pirrong will not discuss that portion of PTX 192, starting at the second full paragraph on page 18 and extending to the end of section X. A. on p. 19.  Dr. Pirrong will rely on his significant expertise and on his comparison of the trading strategies Breck and Hydra and Faber and Gryphon to show that they are functionally identical.

Rule 26 allows a party to designate witnesses "intended solely to contradict or rebut evidence on the same subject matter identified by another party" via disclosure of an expert witness. See Fed. R. Civ. P. 26(a)(2)(D)(ii). The designation of rebuttal experts limits the scope of those experts' testimony; rebuttal experts "cannot testify in [a party's] case-in-chief, and they cannot testify unless and until [the opposing party's] experts testify as to the opinions for which [the rebuttal experts] have been designated as rebuttal experts." *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Haw. 2008). That is, there is a "limitation implicit in Rule 26(a)(2)(D)(ii)--namely, that a rebuttal expert's testimony is limited to 'the same subject matter identified' by the opposing party's expert evidence." *Holber v. Suffolk Constr. Co. (In re Red Rock Servs. Co., LLC)*, 522 B.R. 551, 572 (E.D. Pa. 2014).

Defendants' counsel also advised in open court that the basis for their statement that their requested examination is permissible is because Dr. Pirrong "described DX 4, as we call it, as powerful evidence of copying in his report."  (Jury Trial Day 2 at 244:1-3).  This is an inaccurate characterization of Dr. Pirrong's statement.  In his report, Dr. Pirrong describes his examination of the parties' strategies Breck, Hydra, Faber, and Gryphon "on all relevant dimensions" and concludes that such examination shows that "on all relevant dimensions Faber and Gryphon are

April 29, 2022
Honorable Judge Stephanos Bibas
Page -3-

identical…[and t]here is powerful empirical evidence that the Breck and Hydra strategies are functionally identical." PTX192 at 18. It is only AFTER this statement that Dr. Pirrong then refers to the Bid Study. Defendants' argument misstates the text of Dr. Pirrong's report.

Plaintiff notes that this misreading has already been made known to Defendants' counsel, in particular, during the deposition of Dr. Garibotti. Dep. Of Maria Garibotti, Ph.D., Apr. 8, 2022, at 186:13-191:10.

Accordingly, Plaintiff respectfully requests that both Rebuttal Experts, Dr, Maria Garibotti and Mr. Christian Zarcu, be precluded from discussing the Bid Study of Elmagin, if it is not discussed by Plaintiff's Expert, Dr. Craig Pirrong because it is outside the scope of testimony permitted by Rule 26.

Respectfully Submitted,
CAESAR RIVISE, PC

By_____

**Douglas Panzer**
Caesar Rivise, PC
7 Penn Center, 12th Floor
1635 Market Street
Philadelphia, PA 19103
dpanzer@crbcp.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April 2022, I served a true and correct copy of the foregoing Letter Submission re Precluding Opinion of Yuros Bid Study via email upon the counsel of record for Defendants.

 */s/ Douglas Panzer*

**Douglas Panzer**
Caesar Rivise, PC
7 Penn Center, 12th Floor
1635 Market Street
Philadelphia, PA 19103
dpanzer@crbcp.com

*Attorneys for Plaintiff*