

**DOUGLAS PANZER**
Attorney-at-Law
7 Penn Center, 12th Floor
1635 Market Street
Philadelphia, PA 19103-2212
215-567-2010 (p)
215-751-1142 (f)
dpanzer@caesar.law
www.caesar.law

May 1, 2022

**VIA ELECTRONIC CASE FILING (ECF)**
Honorable Judge Stephanos Bibas
9614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106
Courtroom 9-A

> Re: **Elmagin Capital, LLC v. Chen et al**
> **United States District Court for the Eastern District of Pennsylvania**
> **Case No.: 2:20-cv-02576-TJS (Our Ref. E1168/40001)**
> **Motion for Reconsideration of Order at ECF 260**

Dear Judge Bibas:

On April 25, Your Honor ordered (ECF260):

> Plaintiff may not argue that its Chloe strategy was infringed at trial per Federal Rule of Civil Procedure 37(c). It failed to supplement its interrogatory response to Defendants' Interrogatory No. 8.

Plaintiff respectfully requests that Your Honor reconsider this Order because Rule 37 as interpreted by the United States Court of Appeals for the 3rd Circuit, requires refusal to comply with a discovery order of the Court prior to such sanction. In this respect the Court stated:

> Federal Rule of Civil Procedure 37 provides the means to be used in sanctioning obstructive conduct in discovery matters. Generally, the Rule requires the issuance of an order to compel and only after failure to comply with that rule should a penalty be imposed. (citation omitted).

*McMullen v. Bay Ship Management*, 335 F.3d 215, 217 (3d Cir. 2003).

The Court further stated:

> We have emphasized this Court's policy of favoring litigation on the merits, rather than imposing dismissals with prejudice or a default judgment. In *Hewlett v. Davis*, 844 F.2d 109, 113 (3d Cir. 1988), we stated that "[t]hese must be sanctions of last, not first, resort." See also *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)

*Id* at 217-18.

While Plaintiff has not asserted a claim that Chloe alone was misappropriated, Chloe has been completely disclosed to Defendants and Plaintiff has already shown that the "delta ranking" method step of Chloe is used in Defendants' Yogi strategy, as Mr. Panzer advised the Court on April 29. (Day 4 T: 13:9-15). This delta ranking is used in Yogi is also used in Ziggi, (Day 4 T: 31:14-16).

Defendants' counsel represented to the Court that "There has been no description of Chloe", (Day 4 T: 6:6) yet Defendants' Expert Christian Zarcu in his Expert Report DTX-104 states at P. 4, Para. 11 "I also understand that the Elmagin strategy 'Chloe' may be at issue." On page 8, Para. 24 b. he states:

> To the extent there are any high-level similarities between Elmagin's directional strategies of Faber and Chloe and Entergrid's Yogi, Uma, and Tuva, they are based on the application of common financial principles.

Contrary to Defendants' counsel's statement that "there has been no effort on Plaintiff's part to even describe Chloe in words, in prose," (T:6: line 11 and 12) on p. 55, Para 118 of his report, Mr. Zarcu cites to the deposition taken by Plaintiff, and from that is able state in words:

> Chloe first identifies a universe of FTRs based on a minimum spanning tree. It estimates congestion on those FTRs based on Dayzer, for the upcoming month and obtains actual congestion for previous months. The FTRs selected for auction participation are those with the largest difference (or "delta") between predicted congestion in the upcoming month and actual experienced congestion in the previous months.

Thus, from the deposition of Dr. Chen, taken by Plaintiff, Mr. Zarcu was able to recite the Chloe strategy above. It should be noted that because Dr. Chen knew the strategies of Plaintiff, he was not barred from seeing the AEO discovery as Plaintiff's witnesses were from seeing the Defendants' trading strategies.  In addition, the steps would have been known to Defendants not only from the knowledge of Chao Chen, but also from Plaintiff's production of the entire source code in response to Defendants' Requests for Production. The source code—including that for Chloe—was uploaded to a repository for access by Defendants' source code expert, Anthony Mason, on January 5, 2021, with a small addition on January 6.  While Plaintiff disagrees with Defendants' contention as to the necessity of source code in defining the trade secrets at issue, the Defendants have repeatedly insisted that the source code is the best disclosure.  Dr. Chen himself even testified at trial that the only true record of an algorithm is in the source code. (Chao Chen,

Day 3 T: 178:8-10.) Plaintiff made that available, also made available the documents cited in its letter to the Court on this matter at ECF 254, and Defendants never sought an order compelling any further discovery.

Finally, Plaintiff urges that the Court consider that the standard requiring that Plaintiff must have addressed Chloe in its Motion for Summary Judgment presupposes the "kitchen sink" approach to requests for summary judgment, which Plaintiff avoided in good faith.

As counsel for Plaintiff stated in Court, an Order essentially dismissing the case as to the Chloe trading strategy merely because Plaintiff has not shown it is misappropriated by any one strategy of Defendant is inappropriate as it may be incorrectly presumed that the strategy is not part of the trade secrets of Plaintiff from which Defendants have derived their trading strategies as set forth in the complaint.

Respectfully Submitted,
CAESAR RIVISE, PC

By _____

**Douglas Panzer**
Caesar Rivise, PC
7 Penn Center, 12th Floor
1635 Market Street
Philadelphia, PA 19103
dpanzer@crbcp.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of May 2022, I served a true and correct copy of the foregoing Letter Submission re Motion for Reconsideration of Order at ECF 260 via email upon the counsel of record for Defendants.

    */s/ Douglas Panzer*

**Douglas Panzer**
Caesar Rivise, PC
7 Penn Center, 12th Floor
1635 Market Street
Philadelphia, PA 19103
dpanzer@crbcp.com

*Attorneys for Plaintiff*