

**NICOLE D. GALLI**
One Liberty Place
1650 Market Street
Suite 3600, #00250
Philadelphia, PA 19103
(215) 525-9583 direct
(215) 525-9585 fax
ndgalli@ndgallilaw.com

May 1, 2022

<u>VIA ECF</u>
Honorable Stephanos Bibas
U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

      RE: *Elmagin Capital, LLC v. Chen et al*, No.: 2:20-cv-02576-SB (E.D. Pa.)

Dear Judge Bibas:

      The Court has asked for letters concerning Elmagin's oral motion for reconsideration of this Court's Fed. R. Civ. 37(c) order striking Elmagin's claims insofar as those claims concern Elmagin's Chloe strategy. Respectfully, reconsideration is unwarranted.

**I.    Disobedience to an Order is Not Required to Strike a Claim When a Party Has Failed to Supplement.**

      Elmagin asserts that *McMullen v. Bay Ship Management* precludes partial dismissal without a party's disobeying an order granting a motion to compel. 335 F.3d 215 (3rd Cir. 2003). Elmagin misreads *McMullen*. *McMullen* concerns a motion to compel under Rule 37(a) and the Rule 37(b) consequences for disobedience.[1] Here, the Court acted under Rule 37(c), providing as follows:

---

[1] In *McMullen*, on defendant's motion to compel plaintiff to answer interrogatories, the plaintiff responded that, even if compelled, it would not answer, invoking the Fifth Amendment. Rather than issue an order and await disobedience, the district court dismissed the claim. *See id.* a 216-17.

The Court of Appeals ***affirmed*** the district court's decision to impose sanctions without first entering an order compelling discovery and awaiting defiance. *See id.* at 216 ("Although the prerequisite of an order to compel is the usual rule, we agree with the District Court that following that procedure in this case would have been a meaningless formality."). The Court of Appeals, however, ruled that dismissal was too harsh a sanction for plaintiff's exercise of constitutional rights and that the district court should have imposed a more proportionate penalty, as the sanction should "be tailored to provide equitable treatment to the adversary, as well as accommodating the Fifth Amendment rights of the party invoking the privilege." *Id.* at 218.

Honorable Judge Stephanos Bibas
May 1, 2022
Page 2

> If a party fails to provide information . . . as required by Rule 26(a) [initial disclosures] or (e) [supplementation of discovery responses], th[at] party is not allowed to use that information . . . at a trial unless the failure was substantially justified or is harmless. In addition to or instead . . ., the court, on motion and after giving an opportunity to be heard: . . .
>
> > (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi). . . ..

Rule 37(b)(2)(A)(v) allows "dismissing the action or proceeding in whole or in part" as a penalty.

The exclusion of information in Rule 37(c) is expressly automatic. If Elmagin is arguing that a partial dismissal under Rule 37(c) requires a party's *formal* motion – as opposed to Defendants' statements in the proposed joint pretrial order [ECF 239] – which occasioned the Court's request for letters [ECF 249], Defendants respectfully so move.[2]

Alternatively, the Court may impose the Rule 37(b)(2)(A)(v) penalty under Rule 16(f)(1):

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> > . . .
>
> > (C) fails to obey a scheduling or other pretrial order.

Discovery closed on April 27, 2016. [ECF 46.] Supplementation during trial as to Chloe – a trading strategy in production by 2016 at the latest – would be untimely.

## II.    Elmagin Waived Its Claims as to Chloe at Summary Judgment.

Elmagin waived any claims related to its Chloe strategy through its silence when opposing Defendants' motion for summary judgment. Defendant moved for summary judgment on the grounds that:

> Elmagin has failed . . . to identify a cognizable trade secret allegedly misappropriated by Defendants. From the very first conference . . ., Elmagin was asked one simple question – what are the trade secrets that Elmagin alleges have been purloined by Entergrid?

[ECF 60 at 1.] Elmagin's opposition mentions Chloe only in passing. [ECF 72] It does not describe Chloe or advert to materials that do so. *See id.* The Court's denial of Defendants' motion was applicable only to Breck and Faber: "Although Elmagin provides only written summaries of

---

[2] There can be no doubt that the parties have been heard for Rule 37(c) purposes, in view of the prior letters [ECF 254-57], the April 26 and 29 arguments and the instant letters.

Breck and Faber in its summary judgment motion, its descriptions, together with voluminous exhibits, including emails, notes, and powerpoint presentations discussing the strategies . . ., sufficiently identify its strategies." *Elmagin Cap., LLC v. Chen*, 555 F. Supp. 3d 170, 178 (E.D. Pa. 2021).

Elmagin has waived its claims as to Chloe. *See Brown v. Johnson*, 116 F. App'x 342, 345 (3d Cir. 2004) ("though [plaintiff] raised [the claim] in his complaint and the District Court failed to address these matters, *his failure to raise them at the summary judgment stage was a waiver*. We agree."; "even an issue raised in the complaint but ignored at summary judgment may be deemed waived. If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal." (cleaned up; quoting *Grenier v. Cyanamid Plastics, Inc.*, 70 F.3d 667, 678 (1st Cir.1995) (emphasis added)).

Elmagin's motion for reconsideration should be denied.

Respectfully,

Nicole D. Galli

cc: All Counsel of Record via ECF