

NICOLE D. GALLI
One Liberty Place
1650 Market Street
Suite 3600, #00250
Philadelphia, PA 19103
(215) 525-9583 direct
(215) 525-9585 fax
ndgalli@ndgallilaw.com

May 20, 2022

<u>VIA ECF</u>
Honorable Stephanos Bibas
U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

     RE: *Elmagin Capital, LLC v. Chen et al*, No.: 2:20-cv-02576-SB (E.D. Pa.)

Dear Judge Bibas:

     This letter responds respectfully to the Court's request for simultaneous letter briefs as to whether the bad faith claim is for the jury or the Court. The answer is that the finding as to the factual predicates belong to the jury but that the Court determines whether (and to what extent) to award attorneys' fees when there is a finding of bad faith. In sum, a jury finding of bad faith is a necessary but not sufficient, basis for the Court to award attorney's fees.

     The Seventh Amendment guarantees Defendants' right to a jury trial on the bad faith claim. "In Suits at common law, . . ., the right of trial by jury shall be preserved . . .." U.S. CONST., AMDT. 7. "Since Justice Story's time, the [US Supreme] Court has understood 'Suits at common law' to refer 'not merely [to] suits, which the common law recognized among its old and settled proceedings, but [to] suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered.'" *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 347-48 (1998).

     Bad faith is a species of abuse of process. The right to a jury trial on common law abuse of process claims has been recognized since at least 1878. *See Stewart v. Sonneborn*, 98 U.S. 187, 193 (1878) (discussing 18th century jury practice with respect to abuse of process claims). At common law, a claim for abuse of process requires a finding that the underlying action was brought without "probable cause" and with "malice." *See id*. At common law, "the existence of malice is always a question exclusively for the jury." *See id*. "'The question of probable cause is a mixed question of law and of fact. Whether the circumstances alleged to show it [– *i.e.*, the claim – to have been] probable are true, and existed, is a matter of fact; but whether, supposing them to be true, they amount to a probable cause, is a question of law.' This is the doctrine generally adopted." *Id*. (quoting *McCormick v. Sisson*, 1827 WL 2482, 7 Cow. (N. Y.) 715 (N.Y. Sup. Ct. 1827)).

Honorable Judge Stephanos Bibas
May 4, 2022
Page 2

The objective/subjective elements of bad faith track the probable cause/malice elements common-law abuse of process.  Under 18 U.S.C. § 1836(b)(3)(D), a "claim is brought in bad faith where there is proof of: (1) the objective speciousness of the claim; and (2) the subjective misconduct by the plaintiff in making the claim."  *Sweet St. Desserts, Inc. v. Better Bakery, LLC*, No. CV 12-6115, 2017 WL 6311664, at *3 (E.D. Pa. Dec. 11, 2017) (citing *Hill v. Best Medical Intern. Inc.*, No. 07–1709, 2011 WL 5082208, at *3 (W.D. Pa. Oct. 25, 2011)); *see also Krafft v. Downey*, 68 A.3d 329, 333 (Pa. Super. 2013).  "Objective speciousness" tracks the "probable cause" element for common law abuse of process: "Objective speciousness exists where there is a complete lack of evidence supporting the plaintiff's claims." *Sweet St.* at *3 (quoting *Contract Materials Processing v. Kataleuna GmbH Catalysts*, 222 F.Supp.2d 733, 744 (D. Md. 2002)).  "Subjective misconduct" tracks malice in a common law claim for abuse of process: "Subjective misconduct exists where a plaintiff knows or is reckless in not knowing that its claim for trade secret misappropriation has no merit." *Id.* (quoting *Computer Econ., Inc. v. Gartner Grp., Inc.*, No. 98-CV-0312 TW (CGA), 1999 WL 33178020, at *6 (S.D. Cal. Dec. 14, 1999)); *see also Krafft, supra.*

It is up to the jury to determine the facts – which include the "circumstances" indicating lack of probable cause.  "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).[1]  Whether there is "a complete lack of evidence" in the trial record is a factual matter that turns on credibility determinations and weighing the trial evidence.  Whether Elmagin knew – or had reason to know or should have known – that there was no basis for its bringing this action, is also a factual question.  These factual questions are thus for the jury.[2]

Whether to impose a penalty as a result, however, is up to the Judge.  "The plain language of [PUTSA] makes it clear that that the award of attorneys' fees and punitive damages is not mandatory." *See Est. of Accurso v. Infra-Red Servs., Inc.*, 805 F. App'x 95, 107 (3d Cir. 2020), *aff'g in pertinent part*, No. CV 7509, 2018 WL 924985, at *10 (E.D. Pa. Feb. 16, 2018) ("[t]he Pennsylvania trade secrets law permits, but does not mandate, the award of exemplary damages and

---

[1] A*ccord Martin v. Evans*, 551 Pa. 496, 505, 711 A.2d 458, 463 (1998) ("Credibility determinations are within the sole province of the jury. 'A jury is entitled to believe all, part or none of the evidence presented . . .. A jury can believe any part of a witness' testimony that they choose, and may disregard any portion of the testimony that they disbelieve.'" (quoting *Randt v. Abex Corp.*, 448 Pa. Super. 224, 234, 671 A.2d 228, 233 (1996)).

[2] The record evidence to support the findings of bad faith is not relevant to this letter.  It is germane to Elmagin's "Motion for Reconsideration of the Courts Denial of Plaintiffs JMOL to Reverse the Verdicts Finding Bad Faith of Plaintiff and Absence of Breach of the NDNC" [ECF 290] and will be addressed in response to that motion.

Honorable Judge Stephanos Bibas
May 4, 2022
Page 3

attorney fees where the misappropriation is willful and malicious.").[3] In *Accurso*, an employer counterclaimed against a former employee, accusing him of stealing trade secrets under Pennsylvania law. At trial, the jury had found willful misconduct on the former employee's part. *See id.* at 97-98. Judge Pratter in the district court declined to award exemplary damages or attorneys' fees. *See id.* at 99. The Court of Appeals affirmed this aspect of her decision.

The federal statute – unlike the Pennsylvania statute – gathers an award of attorneys' fees among the four remedies that a court may award, rather than separating it out into its own section.[4] However, it uses the same subjunctive "may" that the Court of Appeals relied on its *Accurso* and the same result should attain.

The factual conclusion that Elmagin's claims were brought in bad faith has value to Entergrid beyond what (if anything) the Court may award as fees. The mere existence of this litigation effectively barred defendants from participating in the PJM ISO/RTO market: PJM imposed enhanced (and unaffordable) collateral requirements on Defendants merely for being sued here. *See* N.T. 5/2/22 at 128:16-129:2. The jury's finding of bad faith exonerates Drs. Chen and Petty and

---

[3] 12 Pa. C.S.A. § 5305 provides "A court may award reasonable attorney fees, expenses and costs to the prevailing party: (1) if a claim of misappropriation is made in bad faith; (2) a motion to terminate an injunction is made or resisted in bad faith; or (3) willful and malicious misappropriation exists."

[4] These four remedies include those that are uncontestably for the Judge (injunctions) and those that the jury are uncontestably for the jury at least the first instance (damages). In pertinent part, 18 U.S.C. 1836(b)(3) provides:

> 3) Remedies. – In a civil action brought under this subsection with respect to the misappropriation of a trade secret, a court may –
>
> (A) grant an injunction – . . .
>
> (B) award – (i) (I) damages for actual loss caused by the misappropriation of the trade secret; and (II) damages for any unjust enrichment caused . . .; or (ii) . . . damages caused by the misappropriation measured by imposition of liability for a reasonable royalty . . .;
>
> (C) if the trade secret is willfully and maliciously misappropriated, award exemplary damages in an amount not more than 2 times the amount of the damages awarded under subparagraph (B); and
>
> (D) if a claim of the misappropriation is made in bad faith, which may be established by circumstantial evidence, a motion to terminate an injunction is made or opposed in bad faith, or the trade secret was willfully and maliciously misappropriated, award reasonable attorney's fees to the prevailing party.

Honorable Judge Stephanos Bibas
May 4, 2022
Page 4

the Entergrid Companies, demonstrating that there is no cause for PJM's enhanced collateral requirements.  Defendants here did not avoid responsibility on a technicality or because the evidence was ambiguous: they should never have been sued in the first place.

In sum, the jury's verdict as to bad faith is protected under the Seventh Amendment. Whether to penalize Elmagin for its bad faith is a question for the Judge.

Respectfully,

Nicole D. Galli

cc:  All Counsel of Record via ECF