

DOUGLAS PANZER
Attorney-at-Law
7 Penn Center, 12th Floor
1635 Market Street
Philadelphia, PA 19103-2212
215-567-2010 (p)
215-751-1142 (f)
dpanzer@caesar.law
www.caesar.law

May 20, 2022

**VIA ELECTRONIC CASE FILING (ECF)**
Hon. Stephanos Bibas
9614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106
Courtroom 9-A

>     Re:   **Elmagin Capital, LLC v. Chen et al. (Case No: 2:20-cv-02576-TJS)**
>           **Re: Equitable Nature of Attorney's Fee Determinations**

Dear Judge Bibas:

Because the award of attorney's fees is an equitable issue for the court, the jury's answers regarding bad faith should be treated as those of an advisory jury under Rule 39(c)(1) and Rule 52(a)(1). This Court must determine whether Elmagin's claims for misappropriation of trade secrets were asserted in objective and subjective bad faith.

In addition, a finding of bad faith is necessary—but not sufficient—for an award of attorney's fees. Even if a claim for misappropriation were asserted in bad faith, the court "is not require[d] to award 'reasonable attorney's fees to the prevailing party,'" 127 Am. Jur. Trials 283 (*Litigating Misappropriation of Trade Secret*), and has "complete freedom" in using or disregarding the jury's findings on bad faith to determine whether to award attorney's fees. 9 Fed. Prac. & Proc. Civ. § 2335 (4th ed.). Thus, even if this Court were to defer to the jury's findings regarding bad faith, whether to award attorney's fees would be an issue within this Court's discretion.

**I.    This Court Determines the Facts Underlying a Request for an Award of Attorney's Fees.**

Although the parties have occasionally referred to a "bad faith claim," that is technically incorrect. The attorney's fees sought by Defendants are not an independent "claim" but a collateral issue pursuant to a fee-shifting portion of the statute. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988) ("[A] claim for attorney's fees is not part of the merits of the action to which the fees pertain[.]").

As a collateral determination, whether to award attorney's fees is entrusted to this Court. *See, e.g.*, *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 375 (1979) ("[Title VII] expressly allows the prevailing party to recover his attorney's fees . . . . Because the Act expressly authorizes only equitable remedies, the courts have consistently held that neither party has a right to a jury trial."); *Perichak v. Int'l Union of Elec. Radio & Mach. Workers, Local 601*, 715 F.2d 78, 79 n.2 (3d Cir. 1983) ("[The] power to award fees under the 'bad faith' exception to the American

Rule is derived from the general equitable powers of the federal courts."). Pennsylvania law is consistent. *See* 18A Summ. Pa. Jur. 2d Commercial Law § 19:46 (2d ed.) ("[T]he judge [should] determine whether attorney's fees should be awarded even if there is a jury.").

This remains true when Congress has provided for attorney's fees by statute. It is "the generally accepted canon of statutory construction that the plain language of a statute controls its interpretation by the courts." *United States Steel Corp. v. United States*, 519 F.2d 359, 362 (3d Cir. 1975). Thus, "when attorney's fees are awarded pursuant to a statutory prevailing party provision, they are regarded as an 'equitable' remedy because they raise 'issues collateral to and separate from the decision on the merits.'" *AIA Am., Inc. v. Avid Radiopharmaceuticals*, 866 F.3d 1369, 1373 (Fed. Cir. 2017) (rejecting a Seventh Amendment right to a jury trial on issues underlying attorney's fees in patent case under 35 U.S.C. § 285; citing *Budinich*, 486 U.S. at 200). As such, where a statute states—as the DTSA does—that a court "may award" attorneys' fees, "[t]he statute explicitly commits the award of an attorney's fee to the discretion of the court." *United States Steel Corp.*, 519 F.2d at 363.

The Patent Act, for example, provides: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Courts, not juries, determine whether a case is "exceptional": "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553 (2014).

*Octane Fitness* applies directly. In the same way that district courts determine whether a case is "exceptional" as part of deciding whether to award attorney's fees under the Patent Act, district courts determine whether "a claim of the misappropriation is made in bad faith" as part of deciding whether to award fees under the Defend Trade Secrets Act. Commentators have recognized that the fee-shifting provisions of the DTSA are "[p]atterned after similar provisions of the patent law" and thus that "the fee determination is for the court." Trade Secrets (ALM) § 7.03 (internal footnote references omitted). In its execution, "[t]he court's determination regarding fees (whether to award them at all, and if so how much) is a matter of discretion." *Id*.

In every case we have identified, a court determined whether a claim was brought in bad faith for purposes of the fee-shifting provisions of the DTSA. *See Akira Techs., Inc. v. Conceptant, Inc.*, 773 F. App'x 122, 125-26 (4th Cir. 2019) ("[T]he district court did not clearly err in finding no bad faith."); *Aday v. Westfield Ins. Co.*, No. 21-3115, 2022 WL 203327, at *1 (6th Cir. Jan. 24, 2022) (involving a district court's "finding of no bad faith"); *Citcon United States v. Riverpay Inc.*, No. 20-16929, 2022 U.S. App. LEXIS 2717, at *5 (9th Cir. Jan. 31, 2022) ("[T]he district court did not abuse its discretion by declining to award costs or fees… [N]either the Defend Trade Secrets Act nor CUTSA requires the court to award attorney's fees.").

Under the Lanham Act, with a similar fee-shifting provision, it is well-established that "[a]n award of attorneys' fees…is not up to the jury, but is committed to the discretion of the trial court." 6 Callmann on Unfair Comp., Tr. & Mono. § 23:69 (4th ed.); *see Watec Co. v. Liu*, 403 F.3d 645, 656 (9th Cir. 2005) ("This approach [relying on a jury's findings] to awarding fees is problematic because a determination that a trademark case is exceptional [to warrant attorney's fees] is a question of law for the district court, not the jury.").

This Court exercises its discretion because there is no statutory or constitutional right to a jury finding on the facts underlying an award of attorney's fees. The Supreme Court has made clear that a district court exercises its "equitable discretion" in awarding fees, even when applying a discretionary fee-shifting statute. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) (discussing 17 U.S.C. § 505).

As a result, the jury's findings regarding bad faith should be treated as those of an advisory jury. Fed R. Civ. P. 39(c)(1); *see also Coach, Inc. v. We Care Trading Co., Inc.*, 67 F. App'x 626, 630–31 (2d Cir. 2002) ("Because 15 U.S.C. § 1117(a) explicitly commits to the court the determination of attorney's fees, the court did not err in requesting only an advisory verdict from the jury. The court then was free to accept or reject the verdict."). This Court "has full discretion to accept or reject the findings of an advisory jury." *Hayes v. Cmty. Gen. Osteopathic Hosp.*, 940 F.2d 54, 57 (3d Cir. 1991).

In doing so, this Court should make express findings of fact and conclusions of law. Fed. R. Civ. P. 52(a)(1); *accord Kisano Trade & Invest Ltd. v. Lemster*, 505 Fed. Appx. 147, 148 (3d Cir. 2012).

**II.    Bad Faith Is a Demanding Standard and Is Refuted on the Record of this Case.**

An award of attorney's fees to a defendant under the Defend Trade Secrets Act is permissible only if the plaintiff's claims were brought in both subjective and objective bad faith. Subjective bad faith looks at the plaintiff's motive for bringing the suit; objective bad faith involves the lack of a legal or evidentiary basis for the suit. 127 Am. Jur. Trials 283 (Litigating Misappropriation of Trade Secret); 18A Summ. Pa. Jur. 2d Commercial Law § 19:46 (2d ed.) (same under PUTSA). "A claim is brought in bad faith where there is proof of: (1) the objective speciousness of the claim; and (2) the subjective misconduct by the plaintiff in making the claim." *Sweet St. Desserts, Inc. v. Better Bakery*, LLC, No. 12-6115, 2017 WL 6311664, at *3 (E.D. Pa. Dec. 11, 2017). "Objective speciousness exists where there is a complete lack of evidence supporting the plaintiff's claims. Subjective misconduct exists where a plaintiff knows or is reckless in not knowing that its claim for trade secret misappropriation has no merit." *Id.* (citations omitted).

Although Elmagin would welcome the opportunity, if necessary, to present additional argument and briefing regarding the great weight of evidence of its objective and subjective good faith in asserting its misappropriation claims, the denial of Defendants' summary judgment motion (Dkt. 94) should be determinative. The conclusion that Defendants were not "entitled to judgment as a matter of law" under the undisputed facts and that Elmagin did not "fai[l] to sufficiently establish any element essential to that party's case" necessarily means that the claims satisfied the test for objective good faith. Dkt. 94 at 5 (citing Fed. R Civ. P. 56 and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

As the Federal Circuit recognized in affirming the denial of a motion for attorney's fees under 35 U.S.C. § 285, "[i]t is difficult to conceive a 'baseless' claim that survived summary judgment[.]" *Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1370 (Fed. Cir. 2004); *accord Arlington Indus. v. Bridgeport Fittings, Inc.*, No. 3:06-CV-1105, 2016 U.S. Dist. LEXIS 34372, at *16 (M.D. Pa. Mar. 17, 2016) . For this reason, in resolving a motion for attorney's fees under

a prevailing party statute, courts have disregarded a jury's advisory finding of bad faith and denied attorney's fees where, as here, a plaintiff's claim survived summary judgment. *E.g.*, *Isco Int'l, Inc. v. Conductus, Inc.*, 279 F. Supp. 2d 489, 511 (D. Del. 2003), *aff'd*, 123 F. App'x 974 (Fed. Cir. 2005).

Even if the denial of summary judgment were not conclusive as to objective bad faith, it surely establishes the absence of subjective bad faith. Elmagin was reasonably entitled to rely on Judge Savage's decision that its claims were potentially meritorious and that Elmagin presented sufficient evidence for a reasonable jury to find in its favor. *Hunters Run Gun Club v. Baker*, No. 17-176-SDD-EWD, 2020 U.S. Dist. LEXIS 261812, at *24 (M.D. La. Feb. 19, 2020) (denying attorney's fees under the DTSA holding "ultimately, that the Court denied summary judgment and allowed several claims to proceed to trial demonstrates that Plaintiffs' claims were not frivolous, wholly unsupported, or lacking in arguable merit" even where plaintiff failed at trial to prove ownership of trade secrets, contrary to the case before this Court); *Tokidoki, LLC v. Fortune Dynamic, Inc.*, No. 07-1923, 2009 WL 10675360, at *3 (C.D. Cal. Nov. 17, 2009) (holding, in Lanham Act case, "that Plaintiff's case survived summary judgment weighs strongly against a finding of bad faith; a party does not act in bad faith by litigating a case with genuine issues of material fact"). Defendants should not be permitted to argue that Elmagin acted in subjective bad faith by accepting and relying upon Judge Savage's analysis.

After receiving a decision from a district court holding that there is sufficient evidence for a jury to decide in its favor, a plaintiff reasonably believes that that its claims are potentially meritorious and cannot be said to "know" or "be reckless in not knowing" that its claim has no merit.

**III.   The Jury's Verdict Eliminates Each Theory of Bad Faith Not Waived by Defendants**

Because theories not included in a pretrial order are waived, *Rockwell Intern. Corp. v. United States*, 549 U.S. 457, 474 (2007) (quoting *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002)), the jury's finding that Elmagin owns protectable trade secrets conclusively eliminates the narrow bases upon which Defendants preserved their request for fees. In the Joint Pretrial Order, Defendants limited themselves to narrow and specific theories of bad faith— theories concerning whether Elmagin adequately defined its trade secrets: "Plaintiff has been unwilling and/or unable to define its alleged trade secrets with the requisite specificity at any point during this litigation, and has likewise been unwilling and/or unable to delineate its alleged trade secrets from what is generally known to or readily ascertainable by algorithmic traders in the wholesale energy markets." Dkt. 269 at 10. This Joint Pretrial Order "supersede[d] all prior pleadings in the case." E.D. Pa. Local R. 16.1(d)(2)(a); *see also Price v. Inland Oil Co.*, 646 F.2d 90, 95 (3d Cir. 1981) ("[T]he scope of a case will be limited by the trial court itself in a pre-trial order.").

This Court and the jury rejected the theories of bad faith asserted by Defendants in the Joint Pretrial Order. This Court held (and instructed the jury) that Elmagin sufficiently identified Breck and Faber. Dkt. 284 at 6. And the jury found that Breck and Faber both constituted protectable trade secrets. Dkt. 287. The only theories of bad faith preserved by Defendants in the Joint Pretrial Order were thus rejected, and any additional theories were waived.

### IV.  Bad Faith Means that this Court "May"—Not "Must"—Award Attorney's Fees.

Moreover, a finding that Elmagin's claim for misappropriation was brought in bad faith does not make an award of attorney's fees automatic—it merely allows this Court to exercise its discretion whether to award them.

The plain language of the DTSA commits the question of a fee award to the discretion of this Court. *United States Steel Corp.*, 519 F.2d at 363. The same is true of the Pennsylvania Uniform Trade Secrets Act. *See, e.g.*, *Accurso v. Infra-Red Servs., Inc.*, No. 13-7509, 2018 WL 924985, at *10 (E.D. Pa. Feb. 16, 2018), *aff'd in part, rev'd in part and remanded sub nom. Est. of Accurso v. Infra-Red Servs., Inc.*, 805 F. App'x 95 (3d Cir. 2020) ("[T]he Court finds the Pennsylvania legislature's use of the word 'may' in the statute invokes the Court's discretion as to whether exemplary damages and attorney fees are appropriately awarded . . . . Other jurisdictions that have enacted similar provisions of the Uniform Trade Secrets Act have acknowledged that the award is discretionary.").

Thus, even if this Court were bound by the jury's determination that the claims of misappropriation were brought in objective and subjective bad faith, those findings would merely empower this Court to exercise its discretion to determine whether to award attorney's fees. In doing so, this Court could consider all record evidence, including the claims' survival at summary judgment and the jury's verdict that Elmagin possessed trade secrets.

\*   \*   \*

In sum, the findings regarding bad faith should be regarded as those of an advisory jury and must be independently considered by this Court. Given the denial of summary judgment and the Joint Pretrial Order, Defendants necessarily cannot show objective or subjective bad faith, and the advisory jury's findings raise troubling questions regarding the remainder of the verdict. And even if the claim for misappropriation were brought in objective and subjective bad faith, any award of attorney's fees would remain in the discretion of this Court.

Elmagin would welcome the opportunity to provide further briefing and argument regarding any of these issues.

Respectfully Submitted,
CAESAR RIVISE, PC

By _____

**Douglas Panzer**
Caesar Rivise, PC
7 Penn Center, 12th Floor
1635 Market Street
Philadelphia, PA 19103
dpanzer@crbcp.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of May 2022, I served a true and correct copy of the foregoing Letter Submission re Attorney's Fees via email upon the counsel of record for Defendants.

      /s/ Douglas Panzer

**Douglas Panzer**
Caesar Rivise, PC
7 Penn Center, 12th Floor
1635 Market Street
Philadelphia, PA 19103
dpanzer@crbcp.com

*Attorneys for Plaintiff*