

**DOUGLAS PANZER**
Attorney-at-Law
7 Penn Center, 12th Floor
1635 Market Street
Philadelphia, PA 19103-2212
215-567-2010 (p)
215-751-1142 (f)
dpanzer@caesar.law
www.caesar.law

May 26, 2022

**VIA ELECTRONIC CASE FILING (ECF)**
Hon. Stephanos Bibas
9614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106
Courtroom 9-A

      Re:   **Elmagin Capital, LLC v. Chen et al. (Case No: 2:20-cv-02576-TJS)**
             **Re: Abeyance of Motion for Reconsideration (Dkt. 290-291) Pending this Court's Attorney's Fee Determinations and Forthcoming New Trial Motion**

Dear Judge Bibas,

      In further response to Defendants' request for a one-day extension of their time to respond to Plaintiff's pending Motion for Reconsideration of the Courts Denial of Plaintiffs JMOL (Dkt. 290-291), Elmagin respectfully suggests that this Court should hold the motion in abeyance and stay briefing and consideration.

      Much of the motion for reconsideration concerns the jury's findings regarding the Defendant's request for attorney's fees, an issue that this Court is considering separately, including through letter briefs filed by the parties on May 20 (Dkt. 294, 295). As Elmagin discussed in its letter brief, the jury's verdict on this point is properly treated as that of an advisory jury, and if this Court agrees or otherwise denies Defendants' request for attorney's fees, it will be unnecessary to address the JMOL arguments on these issues briefed in Plaintiff's motion, Defendants' forthcoming response, and any reply of Plaintiff.

      The other arguments raised in the motion for reconsideration will overlap significantly with the arguments that Elmagin now plans on raising in a motion for a new trial, which will be filed within the deadlines set by Rule 59(e). Rather than brief and consider these arguments separately, preserving the time and resources of the parties and this Court is best accomplished by considering the two motions together.

      This Court has authority over its own docket and the discretion to hold motions in abeyance. "Matters of docket control and scheduling are within the sound discretion of the district court." *SEC v. Infinity Grp. Co.*, 212 F.3d 180, 197 (3d Cir. 2000) (citing *State of Alaska v. Boise Cascade Corp.*, 685 F.2d 810, 817 (3d Cir. 1982)). The Court's discretion in handling its docket is not to be disturbed "except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." *In re Fine Paper*

*Antitrust Litig.*, 685 F.2d 810, 817-18 (3d Cir. 1982) (quoting *Eli Lilly & Co. v. Generix Drug Sales, Inc.*, 460 F.2d 1096, 1105 (5th Cir. 1972)).

Where filings before the court are related, it is therefore within the court's discretion to hold in abeyance the briefing and decision of one pending the court's consideration of the other. See, e.g. *D'Onofrio v. Borough of Seaside Park*, Civil Action No. 09-6220 (AET), 2012 U.S. Dist. LEXIS 170465, at *28 (D.N.J. Nov. 29, 2012)("[T]he two decisions are related. As a result, the Court shall hold in abeyance [i]ts decision on this aspect of Plaintiff's motion to amend pending the parties' briefing on and the Court's consideration of the Borough Defendants' motion for reconsideration.")

For these reasons, in light of the overlap between the motion for reconsideration and issues raised in other pending and future filings, Elmagin respectfully requests that this Court, in addition to granting Defendants' extension, hold the motion in abeyance until after this Court's resolution of issues regarding attorney's fees and until the motion for reconsideration can be considered simultaneously with Elmagin's motion for a new trial.

In response to email correspondence on May 23, 2022, Defendants represented to Elmagin that they oppose holding the motion for reconsideration in abeyance.

                                            Respectfully Submitted,
                                            CAESAR RIVISE, PC

                                            By_____

                                            **Douglas Panzer**
                                            Caesar Rivise, PC
                                            7 Penn Center, 12th Floor
                                            1635 Market Street
                                            Philadelphia, PA 19103
                                            dpanzer@crbcp.com

                                            *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of May 2022, I served a true and correct copy of the foregoing Letter Submission re Attorney's Fees via email upon the counsel of record for Defendants.

/s/ Douglas Panzer

**Douglas Panzer**
Caesar Rivise, PC
7 Penn Center, 12th Floor
1635 Market Street
Philadelphia, PA 19103
dpanzer@crbcp.com

*Attorneys for Plaintiff*