

NICOLE D. GALLI
One Liberty Place
1650 Market Street
Suite 3600, #00250
Philadelphia, PA 19103
(215) 525-9583 direct
(215) 525-9585 fax
ndgalli@ndgallilaw.com

May 26, 2022

VIA ECF
Honorable Stephanos Bibas
U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

      RE: *Elmagin Capital, LLC v. Chen et al*, No.: 2:20-cv-02576-SB (E.D. Pa.)

Dear Judge Bibas:

      We write on behalf of Defendants concerning the scheduling of post-trial motions to establish orderly post trial proceedings, which are becoming chaotic and piecemeal. To remedy the situation, we proposed the Court suspend all briefing – including Defendants' brief now due tomorrow, Friday May 27, 2022, and convene a scheduling conference to set a workable and efficient post-trial briefing schedule.[1]

      Rule 50(b) and 59 motions are due 28 days after the entry of judgment or before, under the terms of those Rules. Because the jury returned a special verdict, judgment has not yet been entered in this case. Fed. R. Civ. P. 58(b)(2).

      Rather than awaiting the entry of judgment and filing its Rule 50(b) motion 28 days later, Elmagin made an oral Rule 50(b) motion on May 6, 2022, which the Court denied. Having made its Rule 50(b) motion orally, Elmagin seemed to believe itself in a position where it had to file a motion to reconsider as to its Rule 50(b) within the 14-day period under Local Civil Rule 7.3(g). Today's letter from Elmagin's counsel indicates that there will be a forthcoming Rule 59 motion, presumably within 28 days after the entry of judgment. In other post trial matters, under Rule 54(d), counsel's fee application will be due 14 days after the entry of judgment (unless the Court

---

[1] We also seek clarification of today's order at ECF 311, granting Elmagin's scheduling request by letter docketed at ECF 310. Elmagin's letter is ambiguous as to Defendants' briefing obligations – in one place saying that all briefing on the pending motion to reconsider the court's denial of Elmagin's Rule 50(b) motion and in another suggesting that Defendants' response remains due tomorrow May 27, 2022. Given the stay, Defendants request that *all* briefing be stayed, including that which was due tomorrow.

Honorable Judge Stephanos Bibas
May 26, 2022
Page 2

sets a different time). In addition, there are pending letters before the court as to whether the bad faith claim is a jury issue of not.

In sum, post-trial proceedings have become inefficient, piecemeal and chaotic. The Court's intervention will be helpful to structure the proceedings.

Defendants respectfully request that the Court temporarily stay all deadlines, convene a scheduling conference (whether in person or telephonic), and, after hearing from the parties, set a schedule for the entry of judgment and the briefing of post-trial motions. Defendants have not had the opportunity to discuss scheduling with Plaintiff (their request to stay deadlines earlier this week lacked the detail shared with the Court today) and therefore refrain from offering a specific scheduling proposal to the Court.

Respectfully,

Nicole D. Galli

cc: All Counsel of Record via ECF