

NICOLE D. GALLI
One Liberty Place
1650 Market Street
Suite 3600, #00250
Philadelphia, PA 19103
(215) 525-9583 direct
(215) 525-9585 fax
ndgalli@ndgallilaw.com

June 15, 2022

VIA ECF

Honorable Stephanos Bibas
U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

      RE: *Elmagin Capital, LLC v. Chen et al*, No.: 2:20-cv-02576-SB (E.D. Pa.)
           Plaintiff's Motion for Leave to File Reply Brief [ECF 318]

Dear Judge Bibas:

    We write on behalf of Defendants to respond, briefly, to Elmagin's motion for leave to file a reply brief [ECF 318] and the proposed reply brief itself.[1]

    First, the express terms of Elmagin's motion are confined to arguments related to Elmagin's contractual claims: "Defendants raised an additional issue: whether, even if Dr. Chen breached the contract, Elmagin is entitled to remedy." ECF 318 at 1.  The issue was raised because, during the May 31, 2022 remote conference, the Court requested briefing on the issue.

    Section II of Elmagin's proposed reply brief addresses this issue and is fairly submitted. However, as Elmagin bears the burden on the issue, it now makes arguments that it should have raised in its opening papers, relying prominently cases not previously cited in any briefing in this case,[2] and to which Defendants should have the opportunity to respond.  Therefore, this coming Tuesday, Defendants intend to request leave to submit a sur-reply which shall attach any proposed sur-reply brief.

---

[1] On the first page of Elmagin's memorandum, it references Fed. R. Civ. P. 54(b).  Defendants assume that this is a scrivening error, as entry of separate judgments as to claims or parties is not before the Court and has not been raised previously.

Additionally, Defendants disagree that Elmagin's oral Rule 50(a) motion on May 6, 2022 discharges its preservation obligations as to any issues other than those it has raised in its subsequent motion to reconsider.  That discussion, however, is for the Court of Appeals.  Defendants here simply express their non-concession.

[2] These are *Worldwide Auditing Services, Inc. v. Richter*, 587 A.2d 772, 777-78 (Pa. Super. 1991) and *Omicron Sys., Inc. v. Weiner*, 860 A.2d 554, 564 (Pa. Super. 2004).

Honorable Judge Stephanos Bibas
June 15, 2022
Page 2

      Section III of Elmagin's reply makes a new and at least partially unrequested argument: that independent derivation cannot preclude a breach of contract. In part, this seems to be an expansion on Elmagin's Section II; and, to that extent, it is proper. To the extent that this argument is not an expansion on its Section II argument, it is properly disregarded. *See, e.g.*, *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) (arguments not raised until reply are properly considered to be forfeited).

      The first section of Elmagin's proposed reply, however, is improper. Section I reiterates Elmagin's prior arguments, continuing to cherry pick the record for matters favorable to it, mandate inferences in its favor that could reasonably be drawn against it, and ignore the overwhelming evidence against it from which a reasonable jury could find against Elmagin on its claims.

      Respectfully,

      Nicole D. Galli

cc: All Counsel of Record via ECF