IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ELMAGIN CAPITAL, LLC,

    *Plaintiff*,

v.

CHAO CHEN, KARL PETTY,
ENTERGRID LLC, and
ENTERGRID FUND I LLC,

    *Defendants*.

No. 20-2576

**MEMORANDUM OPINION**

June 17, 2022

BIBAS, *Circuit Judge*, sitting by designation.

Normally, parties foot their own legal bills. But if one of them misbehaves, courts can make it pay.

Here, Elmagin Capital sued Defendants for trade-secret misappropriation and breach of contract. At trial, it lost across the board, and the jury found that it had brought its trade-secret claims in bad faith.

Now I must decide whether to grant Defendants attorneys' fees. I will not. I disagree with the jury's advisory finding that Elmagin's claims were baseless. And even if I were bound by that finding, I would still exercise my discretion to decline.

Defendants ask for attorneys' fees under federal and state law. D.I. 262, at 10 (citing 18 U.S.C. § 1836(b)(3)(D) and 12 Pa. Cons. Stat. § 5305(1)). I have discretion to

award those if Elmagin brought its trade-secret claims in bad faith. 18 U.S.C. §1836(b)(3)(D) ("[A] court *may* … award reasonable attorney's fees." (emphasis added)); *accord* 12 Pa. Cons. Stat. §5305(1). Its claims were made in bad faith if they "complete[ly] lack[ed] … evidence" and Elmagin "[knew] or [was] reckless in not knowing that its claim[s]" lacked merit. *Sweet St. Desserts, Inc. v. Better Bakery, LLC*, 2017 WL 6311664, at *3 (E.D. Pa. Dec. 11, 2017).

To help with that decision, I put that issue to the jury as special verdicts. It found that Elmagin's claims were brought in bad faith. The parties disagree about whether that finding is binding or advisory. D.I. 294–95.

I treat it as advisory and reject it. Since attorneys' fees are generally an equitable remedy, Defendants had no right to a jury verdict on this issue. *See AIA Am., Inc. v. Avid Radiopharmaceuticals*, 866 F.3d 1369, 1372–73 (Fed. Cir. 2017) (finding no right to a jury determination when deciding attorneys' fees). So I was free to request an advisory verdict. *Wilson v. Prasse*, 463 F.2d 109, 116 (3d Cir. 1972) (allowing an advisory verdict for some issues, even though other verdicts were mandatory). Elmagin's trade-secret claims were backed by at least some evidence, so they were not made in bad faith. *See Sweet St. Desserts*, 2017 WL 6311664, at *3.

*Findings of fact.* To win, Elmagin needed to show three things for each trade secret: (1) that it had sufficiently identified the trade secret, (2) that the trade secret was protectable, and (3) that it was misappropriated by defendants. *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 905 (3d Cir. 2021). Plus, for its federal claims, it needed

to check a fourth box: that its trade secrets were "used in, or intended for use in, interstate or foreign commerce." *Id.* (internal quotation marks omitted).

This Court held that Elmagin had satisfied the first requirement. D.I. 94, at 8. Elmagin met the second at trial, showing that its strategies are protectable trade secrets. And the parties stipulated to the fourth.

That left only the third requirement—misappropriation. Elmagin could meet that by proving that Defendants had access to its trading strategies and that Defendants' strategies were similar to its own. D.I. 94, at 14–15. It tried, offering evidence to support both points. *Id.*

For instance, Elmagin offered testimony suggesting that Dr. Chen had access to one strategy, named Breck. *See, e.g.*, Trial Tr. Day 2 at 137:9–19. And it showed that Breck bore at least some resemblance to Defendants' strategy Hydra. *See, e.g.*, Trial Tr. Day 2 at 172:15–17 (explaining how Breck estimates future prices); Trial Tr. Day 3 at 165:11–14 (similar for Hydra); Trial Tr., Day 2 at 212:1–10 (explaining how Breck constructs portfolios); Trial Tr., Day 3 at 167:4–11 (similar for Hydra).

It did the same for another strategy, Faber. Dr. Chen testified that he wrote an early version of Faber. Trial Tr., Day 3 at 208:7–12. And it showed some similarities between Faber and Defendants' Gryphon. *Compare* Trial Tr., Day 3 at 64:7–12 *with* Trial Tr., Day 3 at 212:1–6.

Though the jury was entitled to reject Elmagin's trade-secret claims, its finding that Elmagin had no evidence for them was wrong. So I reject it.

*Conclusions of law.* And even if the jury verdict were mandatory, I would still deny Defendants' request for fees. For one, "a reasonable jury would not have a legally sufficient evidentiary basis" for finding bad faith here. Fed. R. Civ. P. 50(a)(1). So I would reconsider my earlier refusal to direct a finding of no bad faith.

Plus, Defendants' other arguments for fees hold no water. They say that Elmagin has failed to "allege its trade secrets with the requisite specificity." D.I. 262, at 10. Yet at summary judgment, this Court held that Elmagin had "sufficiently identif[ied] its strategies." D.I. 94, at 8. Defendants also insist that Elmagin failed to show how its strategies are unique. D.I. 262, at 10. Yet the jury reasonably found that Elmagin did just that. And unlike the bad-faith finding, Defendants cannot show that this one lacks evidentiary basis.

As a last-ditch effort, Defendants say that Elmagin misbehaved throughout the case by prolonging discovery, filing baseless or untimely motions, and withdrawing evidence at the eve of trial. I disagree that this behavior was bad faith either.

*****

The jury's verdict on bad faith was mistaken, as are Defendants' arguments. So I will exercise my discretion to deny attorneys' fees.