IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELMAGIN CAPITAL LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No.: 20-cv-02576-TJS |
| | § | |
| CHAO CHEN; | § | |
| KARL PETTY; | § | |
| ENTERGRID LLC; | § | |
| ENTERGRID FUND I LLC, | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S OBJECTIONS TO BILL OF COSTS**

## I.   Introduction

Defendants Chao Chen, Karl Petty, Entergrid LLC, and Entergrid Fund I LLC filed a Notice pursuant to Local Civil Rule 54.1(c) of their intent to request taxation of certain costs in this matter (Dkt. No. 325) following the Court's entry of judgment in Defendants' favor on June 24, 2022 (Dkt. 324). The clerk then entered the bill of costs on the docket on September 16, 2022 (Dkt. No. 344). Pursuant to the provisions of 28 U.S.C. § 1920 and Local Rule 54, Elmagin Capital LLC objects to certain taxed costs, and the Court should reject Defendants' request for at least $36,647.40 of these costs as detailed below.

## II.   Legal Standard

Rule 54(d) of the Federal Rules of Civil Procedure declares that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Under Federal Rule 54(d)(1), however, a court's discretion to tax costs is limited to those costs specifically enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987) ("[Section] 1920 defines the term 'costs' as used in Rule 54(d)."); *see also id.* at 444 ("Congress meant to impose rigid controls on cost-shifting in federal courts."); *Walker v.*

*Robbins Hose Fire Co. No. 1, Inc.*, 622 F.2d 692, 694 (3d Cir. 1980) (noting that any "authority for allowing district courts to tax as costs items not mentioned" in 28 U.S.C. § 1920 "should be exercised sparingly").

28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

## III.  Elmagin Objects To 3 Categories Of Defendants' Requested Costs

Defendants seek costs that this Court (and others) have held to be not taxable.  Elmagin's calculations and detailed objections to Defendants' Invoice Detail Spreadsheet (Dkt. 325-2) is attached hereto as Exhibit A.

### Category 1: Charges Associated With Videotaping Depositions

Defendants request a tax of $12,747.25 of charges associated with video taking depositions. However, this Court has ruled repeatedly that "[f]or a videotaped deposition, however, the prevailing party may not recover the costs of both the transcript and the charges associated with the videotaping." *Kovalev v. Weiss*, CV 16-6380, 2021 WL 1897761, at *7 (E.D. Pa. May 5, 2021), *aff'd sub nom. Kovalev v. City of Philadelphia*, 21-1904, 2021 WL 4490244 (3d Cir. Oct. 1, 2021)

(citing *Langbord v. U.S. Dept. of the Treasury*, No. 06-5315, 2017 WL 3953954, at *4 (E.D. Pa. July 10, 2017) (quoting *Montgomery County v. Microvote Corp.*, No. 97-6331, 2004 WL 1087196, at *3-4 (E.D. Pa. May 13, 2004)).  Since for each videotape charge Defendants are also seeking transcript charges, the $12,747.25 in videotaping costs cannot be taxed.

### Category 2: Litigation Support Costs

It is also the law in this district that "[l]itigation support costs, such as fees for rough drafts, condensed transcripts, ASCII discs, Realtime technology, and word indices are not taxable, absent a showing of necessity, because they are not among those items listed in § 1920 and are considered to be for the convenience of counsel."  *Duchesneau v. Cornell U.*, CIV.A. 08-4856, 2015 WL 619609, at *6 (E.D. Pa. Feb. 11, 2015).  Defendants seek $18,290.03 in litigation support costs, including for rough draft transcripts and Realtime technology, which cannot be taxed.

### Category 3: Insufficiently Described Copies

On its Bill of Costs, Dkt. 325-1, Defendants seek $14,455.46 for costs associated with printing but provide no explanation as to what types of documents were photocopied nor why this cost was necessary. These costs could be denied entirely.  *See, e.g.*, *In re Aspartame Antitrust Litig.*, 817 F. Supp. 2d 608, 619 (E.D. Pa. 2011) ("The line stating 'hard copy production' does not explain what documents were copied. The court is unable to determine that these documents were necessary and denies this cost."); *Yudenko v. Guarinni*, 2010 WL 2490679, at *1-2 (E.D. Pa. June 14, 2010) (denying copying costs where defendants failed to provide a description of the copies).  In addition, $1,698.32 of those costs are for color copies, but Defendants provide no explanation as to why colored copied were required.  *See In re Aspartame Antitrust Litig.*, 817 F. Supp. 2d at 619 ("The Ajinomoto defendants have not demonstrated the necessity of scanning the remaining documents in color, and plaintiffs are not responsible for paying for defendants' 'glitz.'").

If the Court elects not to deny all of Defendants' requests for taxation of costs related to photocopying, it should at the very least follow its common practice of reducing such photocopying fees by fifty percent. *See, e.g.*, *Microvote Corp.*, 2004 WL 1087196, at *8 (reducing the Clerk's taxation of exemplification and copying costs by fifty percent and collecting cases doing the same); *Association of Minority Contrs. & Suppliers v. Halliday Props.*, No. 97–274, 1999 WL 551903, at *4–5 (E.D.Pa. June 24, 1999) (reducing defendants' costs by fifty percent for insufficient itemization).

## IV.     Conclusion

For the foregoing reasons, Elmagin objects to the taxation of at least $36,647.40 of Defendants' requests costs.

Dated:  September 16, 2022

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By:  */s/ William R. Peterson*

William R. Peterson
1000 Louisiana Street, Suite 4000
Houston, Texas 77002

David Salmons
Jason Siu
1111 Pennsylvania Ave. NW
Washington, DC 20004

Julie Goldemberg
1701 Market St.
Philadelphia, PA 19103

CAESAR RIVISE, PC
Douglas Panzer
Manny D. Pokotilow
Allison White
7 Penn Center, 12th Floor
1635 Market Street
Philadelphia, PA 19103

*Attorneys for Plaintiff*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 16th day of September 2022, I served a true and correct copy of

the forgoing via the Court's ECF system and email upon the counsel of record for Defendants:

Nicole D. Galli
Charles P. Goodwin
ND Galli Law LLC
One Liberty Place
1650 Market Street
Suite 3600
Philadelphia, PA 19103
ndgalli@ndgallilaw.com
cgoodwin@ndgallilaw.com

           */s/ William R. Peterson*
           William R. Peterson

           *Counsel for Plaintiff*