IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELMAGIN CAPITAL LLC, | § |
| *Plaintiff,* | § § § § |
| v. | §  Case No.: 20-cv-02576-TJS |
| CHAO CHEN; KARL PETTY; ENTERGRID LLC; ENTERGRID FUND I LLC, | § § § § § § |
| *Defendants.* | § § |

**PLAINTIFF'S REPLY REGARDING ITS OBJECTIONS TO BILL OF COSTS**

Pursuant to the provisions of 28 U.S.C. § 1920, Local Rule 54, and the Court's email dated October 5, 2022, Elmagin Capital LLC provides its reply regarding its objections to certain taxed costs.

### I. Defendants' Cannot Recoup Videotaping Expenses

Defendants concede that their initial ask for all videotaping expenses was an overreach. *See* Resp. 7 (conceding the expenses for videotaping the depositions of Richard Gates and Roger Chiang in the amount of $1,900 are not taxable). Indeed, Defendants' cited precedent recognizes that by seeking the cost of videotaping depositions, Defendants are asking the Court to "deviat[e] from the norm that either videotapes or written transcripts are taxable, but not both." *Sampathachar v. Fed. Kemper Life Assur. Co.*, CIV.A.03-5905, 2007 WL 81938, at *1 (E.D. Pa. Jan. 8, 2007) (cited by Defendants at Resp. 4). But Defendants have failed to show why this case is any different from the numerous other cases that have held—absent exceptional circumstances—videotaping and deposition transcript costs are not taxable together. *See, e.g.,*

*Augustin v. City of Philadelphia*, 14-CV-4238, 2019 WL 2577475, at *2 (E.D. Pa. June 21, 2019) *Wesley v. Dombrowski*, CA No. 03-4137, 2008 WL 2609720, at *3 (E.D. Pa. June 26, 2008).

Instead, Defendants quibble with the legal premise behind this Court's precedent, arguing that *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993), upon which several cases rely, is outdated. Resp. 6. According to Defendants, Rule 30's 1993 revisions "allow[] the party noticing a deposition to select the means of record and to thus impose the cost of both transcription and video recording on the other party where the *Barber*-era rule required consent." *Id.* at 6-7.

But Defendant's focus on revisions to Rule 30 is misplaced for two reasons. *First*, courts in this district have consistently cited to *Barber* since the 1993 revisions as a basis to deny taxation of the videotaping of depositions. *See* Resp. 6 n.3 (providing the "genealogy from *Kovalec* to *Barber*," which includes many cases decided after 1993). *Second*, Defendants' entitlement to taxable costs stems from 28 U.S.C. § 1920, not Rule 30. And, as this Court has recognized, Section 1920(2) contains the word "or" rather than "and," indicating Congress' continued intent to allow taxation of either the written transcript or the video, but not both. *See Duchesneau v. Cornell U.*, CIV.A. 08-4856, 2015 WL 619609, at *4 (E.D. Pa. Feb. 11, 2015) ("When section 1920(2) was amended in 2008 to explicitly include electronically recorded transcripts, the conjunction 'or' was inserted, rather than 'and.' As such, the Clerk generally does not allow recovery of the costs of both the printed transcripts and the videotapes in an absence of the showing that both were necessarily obtained for use in the case.") (citation omitted).

Defendants' other precedent does not hold otherwise. Defendants cite to *Sampathachar v. Fed. Kemper Life Assur. Co.*, CIV.A.03-5905, 2007 WL 81938, at *1 (E.D. Pa. Jan. 8, 2007), where the Court found exceptional circumstances where "the language of the Indian deponents was heavily-accented to a Western ear and the rapidly shifting designations during trial required a

2

written record as well as the videotape." Such circumstances are largely absent here. At most Defendants point to one witness, Dr. Zhu, who Defendants claim had a thick accent, and they make no showing that rapidly shifting designations necessitated the videotaping.[1]

Next, Defendants rely on *Duchesneau*, 2015 WL 619609, at *4, a case that as noted above guts Defendants' *Barber* criticisms. *Duchesneu* further recognizes (1) "In order for both video transcripts and stenographic transcripts to be taxable, there must be an individual showing of the necessity of each for use in the case," and (2) "[n]ecessity does not arise out of counsel's desire to be on equal footing with his or her adversary." (emphasis added, quoting *Warner Chilcott Labs. Ireland Ltd. v. Impax Labs., Inc.*, 2013 WL 1716468, *5 (D.N.J. Apr. 18, 2013)). Yet Defendants argue they needed the videotapes "to be on equal footing," which does not create "necessity." *See* Resp. 4 ("The depositions that Elmagin noticed . . . were both transcribed and videotaped on Elmagin's instructions. . . . Defendants' ordering both transcript and video became necessary because Elmagin required that the deposition be recorded that way.").[2] Defendants also argue that "video recording is perhaps the prime means for preserving depositions for future use." Resp. 6-7 n. 4. But this cannot justify taxing videotaping costs either, as *Duchesneau* further notes "speculation regarding a potential future need should not be equated with necessity." 2015 WL 619609, at *4.

The only other case Defendants rely on affirmatively is *Trawick v. Carmike Cinemas, Inc.*, 430 F. Supp. 3d 1354, 1371 (M.D. Ga. 2019), an out-of-district opinion that contains one short paragraph (and no cited authority) on this issue. Further, as Defendants acknowledge, *Trawick*

---

[1] If the Court finds a thick accent alone to be sufficient to tax videotaping costs, it should only tax the costs associated with Dr. Zhu's deposition ($1200, *see* Defendants' Ex. 3) and no others.
[2] Thus, Defendant's criticisms of Elmagin's reliance on *Kovalev v. Weiss* are also misplaced; further, Defendants seek recovery not just for costs associated with depositions that Elmagin instigated but also costs associated with those that Defendants noticed. *See* Defendants' Ex. 3.

relied on the fact "the defendant had not agreed at the time to make the out-of-district witness available at trial," which was not the case here.

In short, Defendants' request for taxation of videotaping costs is a deviation from the "norm" in this Court. Defendants' request for these costs should be denied.

## II. **Defendants Cannot Recoup Litigation Support Expenses**

Defendants again concede their initial taxation request had an overreach: the taxation for shipping and handling of $924. Resp. 9. The parties now agree shipping and handling costs should not be taxed. *Id*. However, as this Court's precedent makes clear, the other litigation support costs should not be taxed either absent a showing of necessity, which Defendants have failed to demonstrate. *Duchesneau*, 2015 WL 619609, at *6. ("Litigation support costs, such as fees for rough drafts, condensed transcripts, ASCII discs, Realtime technology, and word indices are not taxable, absent a showing of necessity, because they are not among those items listed in § 1920 and are considered to be for the convenience of counsel.").

Defendants argue the costs associated with the rough deposition transcripts were necessitated by the compressed time frame in which witnesses were deposed and the summary judgment and *Daubert* motions filed on May 11 and 18, 2021, respectively. Resp. 8. But the schedule Defendants provide shows that depositions spanned over two months. *Id*. And, as this Court made clear in *Duchesneu:*

> The Eastern District of Pennsylvania has disallowed the deposition costs for expedited preparation, delivery, and copies contained on computer discs when they are deemed to be for the convenience of counsel only, and not necessarily obtained for use in preparing for or trying the case. *See Montgomery Co. v. Microvote, Corp.*, 2004 WL 1087196, *6 (E.D. Pa. May 13, 2004); *see also Nugget Distribs. Co-op. of America, Inc. v. Mr. Nugget, Inc.*, 145 F.R.D. 54, 58 (E.D. Pa. 1992) (denying the costs of obtaining depositions on ASCII discs because the cost is duplicative of the cost of obtaining a regular transcript and is merely for the convenience of counsel); *Spencer v. City of Philadelphia*, 2012 WL 3104512, *3 (E.D. Pa. Jul.3 0,

4

> 2012) (denying the cost of the "Rough ASCII" transcript because the prevailing party is not permitted to recover twice for the same deposition).

2015 WL 619609, at *6. Defendants did not cite any rough transcripts in their motions to the Court; the rough transcripts were for counsel's convenience and were not "necessarily . . . for use in preparing for or trying the case."

Next, Defendants argue—without citation—that "[c]harges for exhibits were necessary to have a definitive set of deposition exhibits, bearing the reporter's identification sticker, for use in the case." But Defendants do not explain why they could not use the courtesy copies provided by Elmagin's counsel and why the reporter's identification stickers are "necessary" rather than merely for the convenience of counsel. These costs should be denied.

As for fees associated with Realtime, Defendants argue "the subject matter was abstract and complex," necessitating the need. Resp. 9. But Defendants cite one recent case, *In re Processed Egg Prod. Antitrust Litig.*, No. 08-MD-2002, 2022 WL 3030525, at *4 (E.D. Pa. July 29, 2022), where Realtime fees were awarded only after the party "explained why they incurred these costs to, for instance, . . . streamline certain depositions." Defendants make no such claim and offer no such explanation here. The default rule in this District is that such costs should not be taxed. *See Duchesneau*, 2015 WL 619609, at *7.

### III. Defendants Cannot Recoup All Copying Costs

Finally, contrary to Defendants' claim, Exhibit 6 to the Bill of Costs contains no detail or description as to what was copied. *See Ass'n of Minority Contractors and Suppliers v. Halliday Prop., Inc.*, CCIV. A. 97-274, 1999 WL 551903, at *4 (E.D. Pa. June 24, 1999) ("While the prevailing party is not expected to provide a detailed description of every piece of paper copied, it is expected to provide the best breakdown of the copied material obtainable from its records.

Defendants do not provide a sufficient breakdown of their copying costs to enable the court to evaluate the necessity of these costs.").

In Response, Defendants now for the first time claim the copy charges "are all for copying (or otherwise exemplifying) exhibits and transcripts that were used at trial," as well as for "hard copies kept in counsel's trial office." Resp. 10. In today's digital age, Defendants offer no explanation as to why Elmagin should have to pay for Defendants' own duplicative copy of exhibits that it maintained at its office for its own convenience. Nor do Defendants explain what percentage of the copies taxed were for the Court and what percentage were for Defendants' convenience. Given this failure to reasonably itemize, the Court could deny the request entirely. *See, e.g.*, *In re Aspartame Antitrust Litig.*, 817 F. Supp. 2d 608, 619 (E.D. Pa. 2011) ("The line stating 'hard copy production' does not explain what documents were copied. The court is unable to determine that these documents were necessary and denies this cost."); *Yudenko v. Guarinni*, 2010 WL 2490679, at *1-2 (E.D. Pa. June 14, 2010) (denying copying costs where defendants failed to provide a description of the copies).

However, if the Court elects not to do so, it should at the very least reduce the copying fees by fifty percent. Elmagin noted in its objections such a reduction is commonplace in this district, Objections at 4, and Defendants offer no response.

6

Dated:  October 12, 2022

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By:     */s/ William R. Peterson*

    William R. Peterson
1000 Louisiana Street, Suite 4000
Houston, Texas 77002

    David Salmons
1111 Pennsylvania Ave. NW
Washington, DC 20004

    Julie Goldemberg
1701 Market St.
Philadelphia, PA 19103

CAESAR RIVISE, PC
    Douglas Panzer
    Manny D. Pokotilow
    Allison White
7 Penn Center, 12th Floor
1635 Market Street
Philadelphia, PA 19103

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of October 2022, I served a true and correct copy of the forgoing via the Court's ECF system and email upon the counsel of record for Defendants:

Nicole D. Galli
Charles P. Goodwin
ND GALLI LAW LLC
One Liberty Place
1650 Market Street
Suite 3600
Philadelphia, PA 19103
ndgalli@ndgallilaw.com
cgoodwin@ndgallilaw.com

       */s/ William R. Peterson*
       William R. Peterson

       *Counsel for Plaintiff*