IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ELMAGIN CAPITAL, LLC,

    *Plaintiff*,

v.

CHAO CHEN; KARL PETTY;
ENTERGRID LLC;
ENTERGRID FUND I LLC,

    *Defendants*.

No. 20-2576

## MEMORANDUM OPINION

October 19, 2022

Elmagin Capital sued Dr. Chao Chen and his codefendants. Elmagin lost. So Defendants are entitled to recover some of the money they spent on the lawsuit. They submitted their bill of costs, but Elmagin objects. It argues that parts of the bill of costs are beyond my power to tax. Because some of its challenges are right, I will reduce the bill of costs accordingly.

### I. SCOPE OF AUTHORITY

Federal courts can tax only some costs. The Federal Rules of Civil Procedure start with a broad grant of power: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). In turn, 28 U.S.C. § 1920 narrows that grant by defining taxable costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

So I can tax only those costs that fall within one of these statutory categories. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

## II. THE OBJECTIONS

Elmagin objects to three categories of Defendants' bill of costs: videotapes of depositions, litigation support, and copying.

### A. Videotaping costs

Defendants seek to recover costs for two video-related groups of expenses. First, they say that the costs of videotaping five of their own depositions are taxable. Second, they argue that the costs to acquire the videos of Elmagin's videotaped depositions are taxable. Neither argument prevails.

*1. The noticing party bears the recording costs.* Although neither side seems to realize it, the Federal Rules simply answer the first question:

> The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. *The noticing party bears the recording costs.* Any party may arrange to transcribe a deposition.

2

Fed. R. Civ. P. 30(b)(3)(A) (emphasis added).

So Defendants cannot recover the videotaping costs for depositions that they noticed. That knocks $5,500 off the bill. D.I. 325-3 at 3–5, 7–8 (depositions of Richard Gates ($950), Kevin Gates ($1,200), Elmagin's 30(b)(6) representatives ($1,200), Roger Chiang ($950), and Guidong Zhu ($1,200)).

*2. Videotapes of depositions are not transcripts.* Next, Defendants seek to bill the costs of acquiring the videos of the depositions that Elmagin noticed. Defendants say that these videos are "electronically recorded transcripts" under § 1920(2). Elmagin, for its part, emphasizes that the statute allows the costs of only "printed *or* electronically recorded transcripts." § 1920(2) (emphasis added). So, it says, Defendants can recover the costs of videotaping a deposition or producing a transcript of it, but not both. Defendants counter that they can recover both when each is "individually necessary for use in the case." *Duchesneau v. Cornell Univ.*, 2015 WL 619609, at *5 (E.D. Pa. Feb. 11, 2015). Again, both parties miss the mark.

There is no binding judicial precedent on this question. But the text binds me. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 572–73 (2012) ("[W]e see no compelling reason to stretch the ordinary meaning of the cost items Congress authorized in § 1920."). And that text allows costs for "printed or electronically recorded *transcripts*." § 1920(2) (emphasis added). A transcript is a *written* record of oral testimony. *See Transcript*, *Black's Law Dictionary* (11th ed. 2019) ("A handwritten, printed, or typed copy of testimony given orally; esp., the official record of proceedings in a trial or hearing, as taken down by a court reporter."); *Transcript*, *Garner's Dictionary of*

*Legal Usage* (3d ed. 2011) ("[T]ranscript; transcription. The first is the written copy, the second the process of producing it."); *Transcribe, The Compact Oxford English Dictionary* (2d ed. 1991) (from the Latin "*transcibere*," composed of "TRANS- + *scribere* to write"); *Taniguchi*, 566 U.S. at 579 n.3 (Ginsburg, J., dissenting) (citing § 1920(2) for the proposition that "other paragraphs Congress placed in § 1920 cover written documents.").

The Federal Rules confirm that a video "recording" is distinct from a "transcript." Rule 30 uses "transcript or recording" seven times (and "record or transcript" once). Fed. R. Civ. P. 30(b)(3)(B), (b)(5)(C), (e)(1), (e)(1)(A), (f), (f)(1), (f)(3). And Rule 26 distinguishes "a contemporaneous stenographic, mechanical, electrical, or other recording" of an oral statement from "a transcription of it." Fed. R. Civ. P. 26(b)(3)(C)(ii).

So, contrary to Defendants' argument, it does not matter whether the videos were necessary. Regardless, they are not transcripts. And, contrary to Elmagin's argument, the "or" in § 1920(2) does not separate printed deposition transcripts from video recordings of depositions. Instead, the statute simply allows costs for printed or digital versions of transcripts.

Some cases allow videotaping costs, but they are unpersuasive. A few courts take a direct route: they hold that "the original transcript is the videotape." *E.g., Sack v. Carnegie Mellon Univ.*, 106 F.R.D. 561, 564 (W.D. Pa. 1985). But as shown above, that is not a plausible reading of "transcript." Other courts take a more circuitous route: They acknowledge that § 1920(2) "does not explicitly provide for the taxation of costs associated with video depositions." *E.g., Tilton v. Cap. Cities/ABC, Inc.*, 115

F.3d 1471, 1477 (10th Cir. 1997). But Rule 30(b), they note, "authorizes videotape depositions as an alternative to traditional stenographic depositions." *Id.* And other Federal Rules require transcripts when the depositions are used in the case. *See, e.g.*, Fed. R. Civ. P. 26(a)(3)(A)(ii), 32(c). So, the thinking goes, if a party can take a deposition by video and will have to produce a transcript of it at some point, then it should be able to tax the costs of videotaping the deposition.

That reasoning is flawed. The ability to take depositions by video does not include the entitlement to have that privilege paid for. *Cf. Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 878 (2019) (requiring "explicit statutory instruction" to tax costs); *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 169 (3d Cir. 2012) (holding that the "services leading up to the actual production" of copies under § 1920(4) are not taxable).

Indeed, the Federal Rules' advisory notes tried to ward off this line of thinking:

> New paragraph (2) confers on the party taking the deposition the choice of the method of recording, without the need to obtain prior court approval for one taken other than stenographically. A party choosing to record a deposition only by videotape or audiotape should understand that a *transcript will be required* by Rule 26(a)(3)(B) and Rule 32(c) if the deposition is later to be offered as evidence at trial or on a dispositive motion under Rule 56.

Fed. R. Civ. P. 30, Notes of Advisory Committee on Rules—1993 Amendment (emphasis added).

In short, under Rules 26 and 32, Elmagin had to provide transcripts of its video depositions to Defendants. It did that. Defendants acquired the videos on top of that. Those videos might have enabled them to make their case more effectively. But they

bear the costs of that benefit. That removes another $7,247.25. D.I. 325-4 at 2–8. (depositions of Karl Petty (two, at $889.90 each), Chao Chen (two, at $889.90 and $1,052.99), Cristian Zarcu ($1,430.68), W. Anthony Mason ($1,430.68), and Huifu (Jay) Tian ($663.20)).

So, combining the deductions for both types of videotaping costs, I will reduce the bill of costs by $12,747.25.

**B. Litigation-support costs**

Next, Elmagin objects to a basket of costs labeled "litigation support." This group includes rough-draft transcripts, copies of exhibits, and Realtime technology. The parties do not clarify which part of the statute authorizes each item. But it seems that § 1920(2) covers rough-draft transcripts and Realtime. And § 1920(4) covers copies of exhibits. To recover under either subsection, Defendants must show that the transcripts or copies were "necessarily obtained for use in the case." § 1920(2), (4).

*1. Some of the rough-draft transcripts were necessary.* Defendants say that the rough-draft transcripts were necessary due to the compressed deposition schedule. Yet the timing between some of the depositions was more relaxed than that between others. *See* D.I. 351 at 8–9. Veritext and Zanaras, the two deposition-logistics firms in this case, both publicly state that they produce final transcripts within ten business days of the deposition. *Frequently Asked Questions*, Veritext, https://tinyurl.com/Veritext-Turnaround; Zanaras Reporting, *Worldwide Supply Schedule Contract*, Gov't Servs. Agency, 6 https://tinyurl.com/Zanaras-Turnaround. So I will allow rough-draft-transcript costs when the next deposition was within ten business

days. Three of the charged depositions do not fit that bill. D.I. 351 at 8–9. That eliminates another $1,539.55. D.I. 325-3 at 4 (deposition of Kevin Gates ($582.75)); D.I. 325-4 at 4, 7 (second deposition of Chen ($687.70) and deposition of Tian ($269.10)).

*2. Defendants have not shown that they needed the exhibit copies.* As for the exhibits, Defendants merely assert that having "a definitive set of deposition exhibits, bearing the reporter's identification sticker," was "necessary." D.I. 351 at 9. Elmagin points out that it provided courtesy copies. Without more from Defendants, I cannot conclude that these costs were necessary. Those costs total $1,126.50. D.I. 325-3 at 2–4, 6; D.I. 325-4 at 2–9. And Defendants have given up on shipping-and-handling costs, which reduces the bill by another $924. D.I. 351 at 9.

*3. The Realtime expenses were necessary.* Defendants claim that Realtime technology was necessary because the case was complex and the testimony was confusing at times. Plus, several Defendants had accents. Elmagin says that Defendants have failed to point to a particular instance where Realtime produced some specific benefit. But complexity and confusion are good reasons to have a real-time transcript to refer back to. *In re Processed Egg Prods. Antitrust Litig.*, 2022 WL 3030525, at *4 (E.D. Pa. July 29, 2022) (collecting cases). And given "the strong presumption that costs are to be awarded to the prevailing party," Defendants have done enough to justify themselves here. *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000) (internal quotation marks omitted).

So, combining the litigation-support deductions, I will reduce the bill of costs by another $3,590.05.

### C. Copying costs

Finally, Elmagin objects to some of Defendants' copying costs. Copies are authorized under § 1920(4). So, as noted above, Defendants must show necessity. But Defendants only produced the copying invoices and asserted that all the copies were used at trial. And Defendants also admit that they made an extra set of everything to keep at the office. Off the bat, I can eliminate half the copies as unnecessary: Defendants could have simply made do with digital copies at the office or lugged the physical ones around.

As for the remaining copies, they are insufficiently described. To determine whether the copies were necessary, I need to know *what* was copied. Invoices tell me merely that copies were made. When copying costs are insufficiently described, many courts award half the requested amount. *See Montgomery County v. Microvote Corp.*, 2004 WL 1087196, at *8 (E.D. Pa. May 13, 2004) (collecting cases). Here, the trial was complex and document-intensive, so I know that at least many of the copies were necessary. As such, I will allow half the remaining copying costs (one quarter of the total): $3,613.87.

So I will reduce the bill of costs by another $10,841.59.

\* \* \* \* \*

Defendants won at trial. So they get to recover some of their expenses. But they overreached. My power to allow costs is limited by rule and by statute. In light of those limits, I will reduce the bill of costs by $27,178.89. Defendants are still entitled to $59,414.25.